358 So.2d 92 (1978)
Alvin David BROWN, a/k/a Calvin Carter, Anthony Jerome Collins, Herbert Marlin Johnson, and Sam Williams a/k/a Paul Adams, Appellants,
v.
STATE of Florida, Appellee.
Nos. 76-2501, 76-2522, 76-2550 and 76-2582.
District Court of Appeal of Florida, Fourth District.
May 2, 1978.
Richard L. Jorandby, Public Defender, Frank B. Kessler, Asst. Public Defender and Joseph R. Atterbury, Legal Intern, West Palm Beach, for appellants.
Robert L. Shevin, Atty. Gen., Tallahassee and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
LETTS, Judge.
This case involves a conviction obtained against 4 co-defendants for robbery with a firearm. All 4 defendants were sentenced *93 to a mandatory 3 year term under Fla. Stat. § 775.087(2) (1975) without the benefit of a presentence investigation. We reverse, finding merit in two of the four points on appeal.
The facts reveal that the State could only identify the appellant, Williams, as being the actual possessor of one of two guns involved in this robbery. Nonetheless, all three of the remaining defendants were, like Williams, sentenced to the mandatory 3 years, minimum jail sentence, under § 775.087(2) Fla. Stat. (1975). It was error to do so under this statute.
The State argues that the jury instruction, and sentence, was proper under § 777.011 Fla. Stat. (1975), which permits any aider or abettor to be treated as, and punished as, a principal in the first degree. We might well have agreed with this contention on the date of the convictions, however, the argument has since been rejected by our Supreme Court which recently held that vicarious possession will not suffice and that actual possession must be the test to invoke the provisions of § 775.087(2). Earnest v. State, 351 So.2d 957 (Fla. 1977). We agree that it is somewhat doubtful if the foregoing is procedurally preserved for our review; however, in the light of our decision on the ensuing point, we remand with directions to the trial court to proceed in accordance with the foregoing as to all defendants, except Williams.
Turning now to the trial judge's ruling that a presentence investigation is not permissible under the same § 775.087(2) because of the following wording:
"Notwithstanding the provisions of § 948.01, adjudication of guilt or IMPOSITION OF SENTENCE shall not be suspended, DEFERRED ... prior to serving such minimum sentence." (emphasis supplied.)
We find this to be in error also. Once again the question has since been resolved opposite to the trial judge's ruling in this case. Thus in our very recent holding in Thomas v. State, Fla.App., 356 So.2d 846, opinion filed March 14, 1978, we held that the particular wording of the statute does not preclude a presentence investigation.
THIS CAUSE IS REVERSED AND REMANDED FOR PROCEEDINGS IN ACCORDANCE HEREWITH.
ANSTEAD, J., and MINER, Jr., Associate J., concur.