421 So.2d 816 (1982)
Mark Stephen PERDUE, Appellant,
v.
STATE of Florida, Appellee.
No. 82-233.
District Court of Appeal of Florida, Fourth District.
November 17, 1982.
Richard L. Jorandby, Public Defender, and Charles D. Peters, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Joy B. Shearer, Asst. Atty. Gen., West Palm Beach, for appellee.
BERANEK, Judge.
Appellant seeks review of his conviction and sentence for burglary contending that the trial court erred in denying his request for a jury instruction on circumstantial evidence. We affirm.
On April 16, 1981, the Supreme Court issued an opinion, In the Matter of the Use by the Trial Courts of the Standard Jury Instructions in Criminal Cases and the Standard Jury Instructions in Misdemeanor Cases, No. 57,734 (Fla. April 16, 1981), which eliminated the instruction on circumstantial evidence. We publish the pertinent portions of this opinion:
Criminal Instructions Generally
We have considered all comments and have determined the revised instructions submitted by the committee should be adopted as finally proposed, with some minor modifications.
We recognize that there was a dispute within the committee concerning the instruction on reasonable doubt; we approve the instruction as proposed.
We note that the Criminal Law Section of The Florida Bar approved the instructions as proposed except for the elimination of the instruction on circumstantial evidence. We find that the circumstantial evidence instruction is unnecessary. The special treatment afforded circumstantial evidence has previously been eliminated in our civil standard jury instructions and in the federal courts. Holland v. United States, 348 U.S. 121 [75 S.Ct. 127, 99 L.Ed. 150] (1954). The Criminal Law Section's criticism of this deletion rests upon the assumption that an instruction on reasonable doubt is inadequate and that an accompanying instruction on circumstantial evidence is necessary. The United States Supreme Court has not only rejected this view but has gone even further, stating:
"[T]he better rule is that where the jury is properly instructed on the standards for reasonable doubt, such an additional instruction on circumstantial evidence is confusing and incorrect...."
Id. at 139-40 [75 S.Ct. at 139-140] (1954). The elimination of the current standard instruction on circumstantial evidence does not totally prohibit such an instruction if a trial judge, in his or her discretion, feels that such is necessary under the peculiar facts of a specific case. However, the giving of the proposed instructions on reasonable doubt and burden of proof, in our opinion, renders an instruction on circumstantial evidence unnecessary.
Based on the above opinion, we find no error in the trial court's denial of an instruction on circumstantial evidence.
AFFIRMED.
ANSTEAD and HURLEY, JJ., concur.