423 So.2d 456 (1982)
Clarence McFADDEN, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 82-275.
District Court of Appeal of Florida, Fourth District.
December 8, 1982.
Rehearing Denied December 29, 1982.
*457 Richard L. Jorandby, Public Defender, and Ellen Morris, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Defendant appeals his conviction and sentence on charges of kidnapping, two counts of sexual battery and robbery. Defendant was sentenced to 100 years on the kidnapping charge and 100 years on each of both sexual battery counts. He was sentenced to 50 years on the robbery count. The three 100 year sentences are consecutive and the 50 year sentence is concurrent. Defendant raises numerous arguments. Initially, we conclude that the court's failure to instruct on circumstantial evidence was not error. See Perdue v. State, 421 So.2d 816 (Fla. 4th DCA 1982) [7 FLW 2425]. We find the instruction on intent given by the trial court concerning the robbery charge to be sufficient pursuant to the requirements of Bell v. State, 394 So.2d 979 (Fla. 1981). We also consider the court's charge adequate as to the definition of sexual battery. The charged sexual batteries were not lesser included offenses within the kidnapping charge and defendant was appropriately sentenced separately on these charges. See Faison v. State, (Fla. 1982) [7 FLW 477]. Defendant also raises various attacks on the 300 year sentence and the trial court's retention of jurisdiction over the first third thereof. We find no error and conclude these arguments are disposed of by reference to Faison v. State, supra, and Borden v. State, 402 So.2d 1176 (Fla. 1981).
Defendant also asserts error in that the trial court failed to state the justification for the retention of jurisdiction over the first third of his sentence. This argument was not presented to the trial court and we thus decline to consider it without prejudice to defendant's right to apply to the trial court for relief pursuant to Rule of Criminal Procedure 3.850. See Sawyer v. State, 401 So.2d 939 (Fla. 1st DCA 1981).
AFFIRMED.
DOWNEY, BERANEK and WALDEN, JJ., concur.