PER CURIAM.
Defendant was convicted of burglary and sexual battery and sentenced to a term of 99 years with the trial court retaining jurisdiction for one-third of that sentence. Defendant appeals. We affirm.
The trial court failed to make the requisite statement of its findings of fact under Florida Statute 947.16(3)(a) (1981), but defendant did not object or preserve this error in the trial court. We affirm as to this point but without prejudice to defendant’s right to present same to the trial court via Florida Rule of Criminal Procedure 3.850, if he is so advised. Sawyer v. State, 401 So.2d 939 (Fla. 1st DCA 1981) and McFadden v. State, 423 So.2d 456 (Fla. 4th DCA 1982).
*214 Defendant’s remaining points on appeal are either without merit or have not been preserved for appellate review.
Affirmed.
HERSEY and WALDEN, JJ., concur.
ANSTEAD, J., concurs specially with opinion.
ANSTEAD, Judge, concurring specially:
I concur in all respects with the majority opinion and write separately only as to one issue. The appellant was charged with and convicted of sexual battery and burglary with the intent to commit a sexual battery upon a named victim, and in the course of which he committed an assault upon the same female victim. The information did not list the elements of the assault charged and at trial the trial court did not instruct the jury on the technical elements of assault. However, it is clear from the record that at all times the court, the state and the defendant were acting under the assumption that the sexual battery charged as a separate offense and also referred to in the burglary charge was the “assault” referred to in the burglary charge. Of course, the jury was instructed on the elements of the sexual battery. Now, for the first time, the appellant is complaining on appeal about the trial court’s failure to instruct on the technical elements of assault. I believe any error in this regard has been waived. In Lindsey v. State, 416 So.2d 471 (Fla. 4th DCA 1982), this court held that the elements of an assault charged as an aggravating circumstance in a burglary should be set out in the charging document. However, we specifically held that the failure to do so was not fundamental error. In other words the omission must be attacked in the trial court. I think the same principle applies here where it is clear that there was abundant proof of the commission of an assault upon the victim as alleged and no fundamental rights of the appellant have been violated. To allow the appellant to receive a new trial on the basis of such technical deficiencies without raising the issue below would be to invite the kind of judicial “sandbagging” condemned by the Supreme Court in Clark v. State, 363 So.2d 331 (Fla.1978).