446 So.2d 194 (1984)
Eugene WHITEHEAD, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2039.
District Court of Appeal of Florida, Fourth District.
February 15, 1984.
Rehearing Denied March 15, 1984.
*195 Richard L. Jorandby, Public Defender, and Tatjana Ostapoff, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Max Rudmann, Asst. Atty. Gen., West Palm Beach, for appellee.
HERSEY, Judge.
The primary issue raised by this appeal involves an application of the mandatory minimum sentence statute, Section 775.087(2), Florida Statutes (1981) and whether its inappropriate imposition constitutes fundamental error.
On June 3, 1982, two black males entered a Winn-Dixie supermarket and then left. A few minutes later one of the men, identified as the codefendant, David Landrau, confronted the store manager, David Strachan, at gunpoint in his office and forced him to hand over money. As Landrau was leaving the store he passed Patrick Giordano, grabbed two gold chains from his neck *196 and shot him in the chin. Marjorie Baggett, a cigarette company sales representative, was servicing cigarette machines during the robbery. She was held at gunpoint by a man she later identified as the appellant, Eugene Whitehead.
Responding to a BOLO, Officer George Jerabek attempted to stop a vehicle coming from the direction of the Winn-Dixie which matched the radioed description of the robbers. Whitehead was the driver. The car pulled over to the side of the road and the passenger fired a shot in Jerabek's direction. The car then accelerated. Jerabek pursued the vehicle and returned fire. After the codefendant fired two more shots, the car stopped. The two men fled on foot and were ultimately found and arrested.
Whitehead was informed against on six counts. He was tried and acquitted on two counts and convicted and sentenced on the other four.
On appeal he postulates three grounds for reversal. The first has to do with the alleged inattentiveness of one of the jurors. This was addressed by the trial court during the trial. The trial court was obviously satisfied that no untoward mischief resulted from the complained of conduct. We find no error in that regard. Undoubtedly
[a] trial court has the duty to insure that a defendant receives a fair and impartial trial and that jurors are attentive to the evidence presented. The conduct of jurors is the responsibility of the court and the court is allowed discretion in dealing with any problems that arise.
Orosz v. State, 389 So.2d 1199, 1200 (Fla. 1st DCA 1980), citing Walker v. State, 330 So.2d 110 (Fla. 3d DCA), cert. denied, 341 So.2d 1087 (Fla. 1976).
Second, appellant questions the propriety of retaining jurisdiction over a portion of the sentence without stating the grounds for retention with sufficient particularity. We find that any error which may have occurred was not preserved for appellate review. Not being of fundamental proportions it was thereby waived. McFadden v. State, 423 So.2d 456 (Fla. 4th DCA 1982); Hernandez v. State, 425 So.2d 213 (Fla. 4th DCA 1983).
The final error of which appellant complains, and to which we add an observation of our own, concerns the appropriateness here of mandatory minimum sentences.
Appellant was convicted of "attempted murder in the first degree, with a firearm, as charged in the information" [Count II]. The incident to which Count II refers is the get-away during which shots were fired at Officer George Jerabek. We will treat two aspects of the legal problem presented by the record on this issue.
It is established that vicarious possession of a firearm is insufficient to impose the mandatory three year minimum jail sentence under Section 775.087(2), Florida Statutes (1981). Brown v. State, 358 So.2d 92 (Fla. 4th DCA), cert. denied, 364 So.2d 881 (Fla. 1978); Earnest v. State, 351 So.2d 957 (Fla. 1977). A finding of actual possession may be based upon circumstantial evidence. Bradley v. State, 413 So.2d 1248 (Fla. 1st DCA 1982). Neither the victim, Jerabek, nor any other witness observed appellant in the possession of a firearm after leaving the scene of the robbery. Although appellant had a gun at the store, the firearm found in the vehicle had only his codefendant's fingerprints on it. Imposition of the mandatory minimum sentence was therefore inappropriate. The state points out, and we think correctly so, that appellant failed to object or to make an appropriate motion to give the trial court an opportunity to correct the error. Thus unless this sentencing error is fundamental it will be deemed to have been waived.
The district courts have not been uniform in their treatment of this particular sentencing error. The third district in Pinder v. State, 396 So.2d 272 (Fla. 3d DCA 1981) refused to reach the merits of an assertion of error of this type "because the issue was not properly preserved for review by any objection or motion which asserted this particularized contention below." In essence the court declined to view the error as fundamental. In a later case involving the enhancement statute, Section 775.087, Florida Statutes (1981), the third district determined *197 a similar error to be fundamental in the context of that statute. Streeter v. State, 416 So.2d 1203 (Fla. 3d DCA 1982).
The second and fifth districts on the other hand have determined such an error to be fundamental. In Lawson v. State, 400 So.2d 1053, 1055 (Fla. 2d DCA 1981) the court, in holding the error to be fundamental, states that "[O]ne of the more commonly recognized fundamental errors is the imposition of an illegal sentence." The fifth district in Reynolds v. State, 429 So.2d 1331, 1333 (Fla. 5th DCA 1983) found such an error to be fundamental and held:
Where, as here, the sentencing error can cause or require a defendant to be incarcerated or restrained for a greater length of time than provided by law in the absence of the sentencing error, that sentencing error is fundamental and endures and petitioner is entitled to relief in any and every legal manner possible, viz: on direct appeal although not first presented to the trial court, by post-conviction relief under Rule 3.850, or by extraordinary remedy. As to such a fundamental sentencing error he is entitled to relief under an alternative remedy notwithstanding that he could have, but did not, raise the error on appeal. An erroneous application of the three year mandatory minimum sentence would constitute a fundamental sentencing error.
Despite dicta in an earlier case suggesting that we leaned toward a contrary view (Brown v. State, 358 So.2d 92 (Fla. 4th DCA 1978)) the better rule would appear to be that improper imposition of a mandatory minimum sentence, because of its inherent potential of causing or requiring "a defendant to be incarcerated or restrained for a greater length of time than provided by law in the absence of ... sentencing error," Reynolds, 429 So.2d at 1333, constitutes fundamental error. On that basis the sentence is unlawful and must be modified to eliminate the mandatory minimum sentence aspect on remand.
Appellant also received consecutive mandatory three year minimum sentences on Count III (for the robbery with a firearm of the manager of the store) and on Count VI with which we deal at greater length momentarily. Imposition of the mandatory three year minimum sentence for Count III was proper since appellant had a gun during the robbery of the manager.
We point out initially that appellant does not assert the imposition of these sentences as error, with some justification: At the time the briefs were filed the supreme court had not yet filed its opinion relating to this issue.
Count VI of the information charges appellant with an assault on Marjorie Baggett with a deadly weapon, that is, a handgun. The jury verdict finds appellant "guilty of aggravated assault, as charged in the information." The testimony of Baggett unequivocally establishes that her assailant was armed. We have held that as a predicate for enhancement of a defendant's sentence or the imposition of the mandatory three year minimum sentence either the defendant must have been convicted of a crime an essential element of which is possession of a firearm or the jury must specifically find that the defendant possessed a firearm. Overfelt v. State, 434 So.2d 945 (Fla. 4th DCA 1983). Applying that test here, possession of a firearm is not an essential element of aggravated assault. Section 784.021, Florida Statutes (1981) provides that an assault is aggravated either by possession of a deadly weapon or when accompanied by the intent to commit a felony. The jury may well have found the latter.
We are left, then, to consider whether the reference in the jury's verdict to "aggravated assault, as charged in the information" is a sufficiently specific finding that a deadly weapon was used in the perpetration of the assault. We think that, on the facts of this case, it was. The information charges:
COUNT VI
AND MICHAEL J. SATZ, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned *198 Assistant State Attorney, charges that EUGENE WHITEHEAD and DAVID LUIZ LANDRAU on the 3rd day of June, A.D. 1982, in the County and State aforesaid, did unlawfully commit an assault upon Marjorie Baggett with a deadly weapon, to wit: a handgun, without intent to kill, by placing said handgun in Marjorie Baggett's side, thereby placing Marjorie Baggett in fear of imminent violence, contrary to F.S. 784.021,
The trial court charged the jury as to aggravated assault
The elements of aggravated assault are: Number one, the defendant intentionally and unlawfully threatened, either by word or act, to do violence to the victim; number two, at the time the defendant appeared to have the ability to carry out the threat; number three, the act of the defendant created in the mind of the victim the well-founded fear that the violence was about to take place; number four, the assault was made with a deadly weapon.

Once again, a weapon is a deadly weapon if it is used or threatened to be used in a way likely to produce death or great bodily harm.
Where the information makes reference to a deadly weapon and the jury is instructed to that effect a verdict which incorporates the crime charged in the information by reference constitutes a specific finding that the crime was committed with the use of a deadly weapon.
Be that as it may, the recent case of Palmer v. State, 438 So.2d 1 (Fla. 1983), compels reversal of the mandatory three year minimum sentence imposed by virtue of conviction on Count VI in any event.
The assault underlying Count VI was part and parcel of the armed robbery of which appellant was convicted on Count III. There can be no question that there was but one criminal episode involved here. Palmer mandates that no more than one mandatory three year minimum sentence may be imposed upon a defendant for crimes "arising from the same criminal episode." The result would apparently be different if we were concerned here with the episodes of (1) the armed assault of the witness during the robbery and (2) shooting at Officer Jerabek from the getaway car. As we interpret Palmer consecutive mandatory three year minimum sentences could then be imposed as these are "separate incidents occurring at separate times and places." For an illuminating analysis of another aspect of the duality of a criminal episode problem, see Watts v. State, 440 So.2d 505 (Fla. 1st DCA 1983).
Because the trial court improperly imposed three consecutive three year mandatory minimum sentences, only one being justified under the facts and circumstances of this case, we affirm the convictions but remand with instructions to delete the three year mandatory minimum sentences imposed by virtue of conviction of Counts II and VI.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
ANSTEAD, C.J., and DELL, J., concur.