448 So.2d 1060 (1984)
Sye Christopher JENKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 83-978.
District Court of Appeal of Florida, Fourth District.
March 21, 1984.
Rehearing Denied May 16, 1984.
*1061 Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Russell S. Bohn, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant seeks reversal of a judgment of guilty of robbery entered pursuant to a jury verdict, and from the portion of a 75 year sentence that (a) retained jurisdiction over appellant for the first third of the sentence and (b) required appellant to serve a minimum of three years.
Appellant, together with two other males, allegedly robbed a convenience store. One of the other individuals had a gun. After the jury found appellant guilty of robbery as charged in the information, the trial court reviewed a PSI report and sentenced appellant to 75 years in prison with a mandatory minimum of three years and retained jurisdiction over the first one-third of the sentence.
Appellant raises five points on appeal, four of which fail to demonstrate reversible error. Regarding those four, the evidence was adequate for the jury to find that appellant was a participant in the robbery. The fact that one other than appellant carried the gun does not preclude a finding that appellant was guilty of robbery with a firearm. Hillman v. State, 410 So.2d 180 (Fla. 2d DCA 1982). Finally, the court's rulings in giving a flight instruction and refusing appellant's requested instruction on identification were proper.
The remaining point has two aspects to it. It suggests first that the circuit court erred in retaining jurisdiction over the appellant for the first one-third of the sentence without stating the grounds therefor with the particularity required by Section 947.16(3), Florida Statutes (1981). The record shows that the circuit court failed to follow the statute; however, the point is not preserved for appellate purposes because appellant made no objection at the time, Whitehead v. State, 446 So.2d 194 (Fla. 4th DCA 1984); Hernandez v. State, 425 So.2d 213 (Fla. 4th DCA 1983); McFadden v. State, 423 So.2d 456 (Fla. 4th DCA 1982), and because the error is not of fundamental proportions. Whitehead, supra. Accordingly, we do not disturb the sentence insofar as it maintains circuit court jurisdiction over the appellant for the first third of that sentence. This ruling is without prejudice to appellant's initiating a Rule 3.850 proceeding to present this question to the circuit court.
*1062 The second aspect has to do with the imposition of a three year mandatory minimum term as part of the sentence. In order for a court to impose a term under Section 775.087(2), Florida Statutes (1981), the possession of the weapon may not be vicarious; it must be direct. The weapon must be possessed by the individual receiving the mandatory sentence. Hillman v. State, supra.
Accordingly, the judgment in this cause is affirmed. The sentence in this cause shall be modified so as to delete therefrom the imposition of a three year mandatory minimum and, as so modified, the sentence is affirmed.
AFFIRMED, as modified.
ANSTEAD, C.J., and DOWNEY and GLICKSTEIN, JJ., concur.