GRIFFIN, Judge.
This is the appeal of a judgment of criminal contempt based upon the appellant’s willful violation of an injunction entered pursuant to a noncompete agreement. Because we deem the evidence legally insufficient to support the judgment, it is reversed and the appellant is discharged.
The trial court entered an injunction which, in essence, prohibited the appellant from directly or indirectly engaging in the sale, solicitation or servicing of real estate within 50 miles of Inverness. Thus, compliance with the injunction required appellant to cease association with the realty company he had formed in apparent violation of the noncompete agreement. Although, according to appellant, he had divested himself of all ownership interest in the real estate corporation he had formed and resigned as officer and director, the company’s advertising continued to carry his name. He maintained his membership in the local board of realtors which gave the company access to the local multiple listings.[1] The records of the Department of Professional Regulation or the Secretary of State were not corrected to show his disassociation with the company. There was some evidence that appellant may have signed company checks after the injunction became effective, but no such checks were introduced in evidence, nor was any evidence introduced as to whether he remained authorized to sign corporate checks. More importantly, no evidence was introduced that appellant had been involved in any real estate transaction in any way since the injunction became effective, nor was there any evidence that he caused his name to be used by his company in advertising or with the Board of Realtors after the effective date of the injunction.
The trial judge evidently chose to disbelieve all the evidence and testimony put forth by the appellant, which we do not fault. Nevertheless, surveying only the evidence adduced by the appellee, it is simply too sparse, too weak and too circum *264 stantial to support a conviction of criminal contempt for violation of the court’s injunction. The purpose of the injunction is to prohibit the appellant from being involved in the real estate business within 50 miles of Inverness, Florida. Neither the failure to notify local or state agencies of withdrawal from his company nor the failure to assure his name was not used on the multiple listing entries establishes criminal contempt.
Noncompete injunctions such as the one in the present case are too often flaunted and this one has the earmarks of being such a case. We recognize that evidence of the violation of such noncompete injunctions is often difficult to obtain and that the use of criminal contempt is one of the few effective deterrents for such misconduct. By the same token, when evidence of the violation of an injunction is as marginal as it is in this case, actual harm to the party seeking enforcement is often minimal. On this record,' the heightened burden of proof required for criminal contempt forces us reluctantly to reverse.
REVERSED.
DAUKSCH, J., concurs.
GOSHORN, J., dissents with opinion.

. It appears from the record that another licensed broker who could have qualified to use the multiple listing service was brought into the company when appellant resigned.