563 So.2d 784 (1990)
INTERNATIONAL MEDICAL CENTERS, INC., Petitioner,
v.
Frank COLAVECCHIO and Joan Colavecchio, Respondents.
No. 4-86-1902.
District Court of Appeal of Florida, Fourth District.
June 20, 1990.
*785 J. Philip Landsman of Fine, Jacobson, Schwartz, Nash, Block & England, Fort Lauderdale, and David W. Spicer of Bobo, Spicer & Ciotoli, West Palm Beach, for petitioner.
Sylvan B. Burdick of Burdick & Daves, West Palm Beach, for respondents.
DOWNEY, Judge.
As a housekeeping matter, we observe that this case was stayed on June 4, 1987, as part of a nationwide stay of litigation involving International Medical Centers, Inc., due to its insolvency and the appointment of the State of Florida, Department of Insurance, as Receiver for petitioner. On September 26, 1989, the stay was lifted and, in due course, petitioner moved for final resolution of the appellate proceeding.
By petition for writ of certiorari, International Medical Centers, Inc., seeks review of an order of the trial court finding it in contempt for failure to comply with an order for mediation. We have treated the petition as a plenary appeal because the order finds International guilty of indirect criminal contempt. In Re Estate of Rasmussen, 335 So.2d 634 (Fla. 1st DCA 1975).
During the course of the ongoing litigation involved herein, the trial judge entered an Order of Appointment, which effected the appointment of a retired judge as a mediator to attempt to effectuate a settlement of the case. In addition to directing that a settlement conference be held before the mediator, "The appearance of counsel and clients, or representative of each party with authority to enter into a full and complete compromise and settlement is mandatory." It appears that on the appointed date appellees and their counsel appeared, while a lawyer from Washington, D.C., and local trial counsel appeared for appellant. After some discussion between the mediator and counsel, the hearing was terminated and, in due course, appellees filed a motion for contempt in which they alleged the entry of the mediation order and appellant's violation of said order by appearing without any corporate representative. Appellees prayed for an order of contempt for said violation and requested "the imposition of a civil fine against International Medical Centers, Inc., including the charges of the mediator and the expenses incurred by the Colavecchios for legal representation."
Appellees' motion for contempt was set for hearing on an early morning uncontested motion calendar and supported by argument of counsel only; no evidence was adduced. Appellees argued that appellant had violated the court's order by not appearing with a corporate officer authorized to discuss settlement. Counsel for appellant replied that both of the lawyers present for appellant were fully authorized to negotiate a settlement and, in fact, did make a settlement offer to appellees. Appellant advised the court it was under the impression that appearance of counsel with full authority to settle complied with the order in question. The trial judge disagreed and directed counsel for respondents to prepare an order finding appellant in contempt and fining appellant $25,000. It is that order that appellant seeks to reverse by this petition for writ of certiorari.
In determining the proper vehicle to review the order in question, we must first decide whether we are dealing with an order of civil or criminal contempt and, if the latter, whether direct or indirect. The *786 dichotomy involving the several types of contempt is clearly set forth in Pugliese v. Pugliese, 347 So.2d 422 (Fla. 1977). The purpose of civil contempt is to coerce action or nonaction by a party, usually at the instance of the opposing party. Such orders, while usually imposing a jail sentence, provide for purging the contempt and terminating the sentence. Criminal contempt, on the other hand, is punitive and invoked to maintain or to vindicate the authority of the court. In the present case the parties refer to the action as civil contempt, although the order appealed from refers to the "judgment and sentence of the Court." Nevertheless, we hold the matter is punitive; it purports to vindicate the authority of the court and its orders; and it contains no key to the contemnor's cell, as is customary in civil contempt orders. Thus, the order is one of criminal contempt, and, since the alleged contemptuous conduct occurred outside the presence of the court, it is an indirect contempt, requiring all of the due process safeguards afforded by Florida Rule of Criminal Procedure 3.840.
Turning to the merits of the appellate controversy, it appears to us that the matter must be reversed for several reasons. First of all, the record does not support the trial judge's finding that appellant was guilty of willful disregard of an order of the court. In fact, the trial judge actually stated on the record that he did not think there was any willful intent on appellant's part. Furthermore, the provision of the order in question is at best ambiguous and can certainly be read to authorize the appearance at the hearing of a lawyer with full authority to settle. If the court wanted the client there in all events, it should have said just that. Therefore, we hold the trial court erred in finding appellant in contempt.
Secondly, if punitive sanctions were to be imposed, rule 3.840 should have been followed so as to fulfill due process requirements, which, itself, would have precluded hearing the matter in such a summary fashion on a noncontested motion calendar without an opportunity to adduce evidence in defense of the alleged contemptuous conduct. As it turned out, appellees appear to have sought only reimbursement of the expense of the mediator and appellees' attorney's fees for appellant's failure to have their client show up for a mediation conference. However, the order appealed from purported to find appellant guilty of contempt not only for the failure to comply with the mediation order by having the client present, but also found him guilty of eleven other instances of "failure to comply with the letter and spirit of the Rules of Civil Procedure," none of which were noticed as matters to be considered or as grounds for contempt. Without belaboring the point further, it is clear that the order appealed from constitutes reversible error.
Finally, appellees contend this appeal is moot because appellant has paid the $25,000 fine into the registry of the court as directed. We reject that contention and hold that the doctrine of mootness is, in fact, based upon the principle of waiver. For example, if you waive the error and pay the judgment, the matter is moot. However, a payment made under coercion is not voluntary and, therefore, one cannot be said to have waived the error. Furthermore, the payment was made into the registry of the court, where it remains, and thus it is still available for restitution or repayment.
Accordingly, the order appealed from is reversed and the cause is remanded to the trial court for further appropriate proceedings including repayment of the $25,000 in the court registry to appellant.
GLICKSTEIN and GUNTHER, JJ., concur.