579 So.2d 898 (1991)
David BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 90-1693.
District Court of Appeal of Florida, Fourth District.
May 29, 1991.
*899 Richard L. Jorandby, Public Defender, and Robert Friedman, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Patricia G. Lampert, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
We affirm Brown's conviction for attempted manslaughter with a firearm, simple assault and shooting into an occupied vehicle. We find no error in permitting the impeachment evidence that Brown was fired from his job as a correctional officer after he had previously testified that he had quit. The trial judge obviously saw the original testimony as an attempt to enhance Brown's credibility by his testimony that he himself had been a law enforcement officer, and we are unable to find any abuse of discretion in that conclusion.
We do find error, however, in sentencing Brown to a minimum mandatory three year sentence for attempted manslaughter with a firearm under § 775.087(2), Fla. Stat. (1989). The supreme court has authoritatively construed that statute as not extending to manslaughter. Murray v. State, 491 So.2d 1120 (Fla. 1986); see also Whitehead v. State, 446 So.2d 194 (Fla. 4th DCA 1984). On remand the trial court is instructed to delete the minimum mandatory three year part of the sentence.
We also reverse the conviction for criminal contempt. This conviction was based on Brown's denial on cross-examination that he had been fired from the correctional officer position. While the records of the state agency indisputably showed that the state thought he had been fired rather than quitting, there is absolutely no evidence in the record to establish that Brown himself knew that he had been fired or why. Intent is an essential element of perjury, and here there was no evidence that he intended to lie.
AFFIRMED IN PART, AND REVERSED IN PART WITH DIRECTIONS.
DOWNEY and FARMER, JJ., concur.
GUNTHER, J., concurs in part; dissents in part.
GUNTHER, Judge, concurring in part; dissenting in part.
I agree with the majority that the trial court reversibly erred in sentencing Brown to a three year mandatory minimum for attempted manslaughter with a firearm. As the state concedes, the trial court erred in imposing the sentence because section 775.087(2), Florida Statutes, the statute which imposes a three-year mandatory minimum sentence for a defendant's possession or use of a firearm while perpetrating certain crimes, does not mention and therefore does not apply to manslaughter. However, contrary to the state's assertion that Brown waived his right to appeal the sentence, the improper imposition of a three-year mandatory minimum sentence is a fundamental error which can not be waived. Whitehead v. State, 446 So.2d 194 (Fla. 4th DCA 1984). Thus, I agree that the sentence in the instant case should be reversed and the case remanded to the trial court with instructions to delete the three-year mandatory minimum sentence.
*900 In all other respects, I would affirm the trial court. I respectfully disagree with that portion of the majority opinion that reverses the defendant's conviction for direct criminal contempt. I would affirm the trial court on this issue.