W. SHARP, Judge.
Leonard Contella appeals from the October 15, 1990 order entered by the trial judge, which altered the date of his commitment for contempt of court from August 8, 1989 to October 26, 1990. This court previously dealt with this cause in a habeas corpus proceeding[1] in which we denied relief, and upheld the underlying contempt order (July 21, 1989) as well as the commitment order sought to be appealed against various due process challenges. We affirm the order now appealed to us.
This has been a long and bitterly contested matter. But we are not free to decide again the same due process challenges, and others, which Contella raised in the habeas corpus case, or which he could have raised had he timely appealed the underlying contempt order entered on July 21, 1989. Based on that case history, we conclude that:
1) the contempt proceeding against Con-tella was primarily one for indirect criminal contempt;
2) the basis for the indirect criminal contempt was not timely challenged by appeal and we cannot now revisit the merits of the July 21, 1989 order;
3) since this proceeding was one for indirect criminal contempt, no purge provisions were required, and no Cokonougher[2] hearing was or is now required;
4)Contella has failed to demonstrate by the record before us that there has been any essential departure from Florida Rule of Criminal Procedure 3.840 which deals with indirect criminal contempt, other than failing to sentence him pursuant to subsection (7) of the rule which states:
The Sentence; Indirect Contempt. Prior to the pronouncement of sentence, the judge shall inform the defendant of the accusation and judgment against him and inquire as to whether he has any cause to show why sentence should not be pronounced. The defendant shall be afforded the opportunity to present evidence of mitigating circumstances. The sentence shall be pronounced in open court and in the presence of the defendant.
Accordingly, we affirm the amended order of commitment for contempt appealed in this cause and remand to the trial court for further proceedings consistent with this opinion.
AFFIRMED and REMANDED.
GOSHORN, C.J., concurs.
DAUKSCH, J., dissents without opinion.

. Contella v. Contella, 557 So.2d 880 (Fla. 5th DCA 1990).

. Cokonougher v. Cokonougher, 543 So.2d 460 (Fla. 2d DCA 1989).