COBB, Judge.
This appeal by Beate Kittel-Glass challenges a final judgment awarding injunctive relief and monetary damages against her. We reverse.
Kittel-Glass is the owner of a unit in the Oceans Four Condominium located in Dayto-na Beach Shores. In January, 1992, she filed a complaint against the Oceans Four Condominium Association seeking damages for trespass. Ultimately, the Association filed a counterclaim in March, 1993, seeking injunc-tive relief and alleging that Kittel-Glass had breached the declaration of condominium by engaging in multiple acts of assaultive, disruptive and indecent behavior on the condominium premises, was consistently intoxicated thereon, and had been arrested on the premises for such behavior on a number of occasions. A second count of the condominium’s complaint sought money damages against Kittel-Glass based on the Association’s by-laws authorizing it to levy fines against unit owners for violations of the covenants, restrictions, rules and regulations of the condominium. The Association alleged it had imposed fines totaling $3,950 against Kit-tel-Glass for 79 separate violations of the covenants and restrictions.
Kittel-Glass denied the essential allegations of the counterclaim, and the Association moved for and obtained a temporary injunction on May 24, 1993 enjoining Kittel-Glass from any violent, assaultive, dangerous, harassing and threatening behavior on the property or against Association officers and employees and other unit owners. Kittel-Glass was likewise forbidden from being intoxicated, or possessing a firearm of any kind, on condominium common elements. Prior to trial, Kittel-Glass’s second amended complaint was dismissed and the cause proceeded to trial solely on the Association’s counterclaim.
The evidence at trial established that Kit-tel-Glass, between 1986 and 1994, committed a multiplicity of disorderly acts on the condominium premises that included: indecent exposure, public intoxication, reckless display of a firearm, and assault and battery. Twenty-two police reports were presented detailing Kittel-Glass’s misconduct. Evidence was also introduced that an Association subcommittee had found that Kittel-Glass violated 79 condominium rules and had assessed her a total fine of $3,950, calculated at $50 per violation. Kittel-Glass presented no witnesses at trial.
Final judgment was entered on the counterclaim for the Association in the sum of $3,950, plus prejudgment interest. Kittel-Glass, her agents and guests were permanently enjoined from occupying or entering upon any part of the condominium premises based in part on the court’s finding that Kittel-Glass’s misbehavior continued during the existence of the temporary injunction. The court found the Association to be the prevailing party and ruled that it would be awarded its court costs and attorney’s fees “upon written motion and a duly noticed hearing.” A notice of appeal was filed addressed to this final judgment.[1]
*829 We find no merit in Kittel-Glass’s first point relating to a necessity for arbitration pursuant to section 718.1255, Florida Statutes, which became effective April 1, 1992. The instant litigation was initiated prior to that date and the issue of mandatory arbitration was never raised before the trial court.
We agree with the appellant, however, in two respects. First, the trial court erred in finding 79 by-law violations by Kit-tel-Glass. Initially, a subcommittee of two members of the Association’s board of directors determined, at a private meeting at which neither Kittel-Glass nor her lawyer was present, that Kittel-Glass was guilty of 79 violations of the by-laws of the Association. The Association, however, had only charged her in writing (a requirement of the by-laws) with 14 violations. Due process considerations preclude a judgment against her based on more violations than the number charged. The monetary judgment against her, therefore, should not have exceeded $700.00, with appropriate interest thereon.
We also conclude that if in fact Kittel-Glass violated the terms of the temporary injunction, she would be guilty of contempt. See Guess v. Azar, 57 So.2d 443 (Fla.1952). Cf. Ventimiglia v. Sunshine Realty, 560 So.2d 263 (Fla. 5th DCA 1990). The remedies available to the trial court in such instance include fines, Johnson v. Bednar, 573 So.2d 822 (Fla.1991), and incarceration. Contella v. Contella, 589 So.2d 325 (Fla. 5th DCA 1991); International Medical Centers, Inc. v. Colavecchio, 563 So.2d 784 (Fla. 4th DCA 1990). The remedies do not include what the final judgment effectively adjudicates; a judicially forced sale or lease of Kittel-Glass’s unit. See generally City of Ocala v. Nye, 608 So.2d 15 (Fla.1992) (eminent domain power can only be exercised by governmental entities to which the state has delegated that power). It would have been proper for the trial court to have ineorporat-ed the prohibitions in the temporary injunction into the final judgment.
We reverse and remand for entry of a final judgment consistent with this opinion.
REVERSED AND REMANDED.
DIAMANTES and THOMPSON, JJ., concur.

. The amount of attorney’s fees was adjudicated by separate order which has not been appealed. In this appeal, Kittel-Glass argues that the award of fees was excessive but has not otherwise chal *829 lenged the Association’s entitlement to attorney’s fees. As no appeal was filed directed to the post-judgment award of attorney’s fees, this court cannot review the amount of the award. See Casavan v. Land O'Lakes Realty, Inc., 526 So.2d 215 (Fla. 5th DCA 1988); Altamonte Hitch and Trailer Service, Inc. v. U-Haul Co., 483 So.2d 852 (Fla. 5th DCA 1986).