PER CURIAM.
This is an appeal by Daniel A. Millan, M.D., a defendant in a pending medical malpractice action below, from a final trial court order (1) finding him in contempt of court for filing a false affidavit with the court, and (2) imposing sanctions. This is also a cross appeal by the plaintiff Lenora Williams from the trial court’s refusal to strike the defendant’s defenses for filing the false affidavit. We reverse on the main appeal and affirm on the cross appeal.
Clearly, the contempt order under review must be treated as a criminal, rather than a civil, contempt because (a) the purpose of the contempt proceeding below was to vindicate the authority of the court by punishing conduct (i.e., perjury) tending to obstruct or interfere with the administration of justice, and not to coerce certain action or non-action by the defendant, and (b) the contempt order contains no purge provision. Pugliese v. Pugliese, 347 So.2d 422, 424 (Fla. 1977). We need not decide, however, whether the alleged contempt was indirect contempt, as urged by the defendant, and thus governed by the procedures established by Fla.R.Crim.P. 3.840, or was direct criminal contempt, as urged by the plaintiff, and thus governed by the procedures established by Fla.R.Crim.P. 3.880. In any event, the trial judge expressly declined to find that the defendant had willfully and intentionally lied in the affidavit, (Tr. 5/4/94 at 3-4), an essential element of criminal contempt, whether direct or indirect, where the alleged contempt is, as here, perjury before the court. Florida Ventilated Awning Co. v. Dickson, 67 So.2d 218 (Fla.1953); Brown v. State, 579 So.2d 898, 899 (Fla. 4th DCA 1991); International Medical Ctrs., Inc. v. Colavecchio, 563 So.2d 784, 786 (Fla. 4th DCA 1990); C.N. v. State, 433 So.2d 661, 663 (Fla. 3d DCA 1983). Accordingly, the criminal contempt order under review must be reversed and the defendant discharged therefrom.
Moreover, given the lack of any finding of intentional or willful perjury in this case there could be no basis for striking the defendant’s pleadings; the trial court’s refusal to do so was, therefore, entirely proper. See Momenah v. Ammache, 616 So.2d 121, 123 (Fla. 2d DCA 1995); Kirby v. Adkins, 582 So .2d 1209, 1211 (Fla. 5th DCA 1991); Paris Int’l Records & Filmworks, Inc. v. Rodriguez, 539 So.2d 5 (Fla. 3d DCA 1989). The plaintiff, however, is not precluded by our decision from seeking other remedies, if otherwise available, against the defendant for filing the false affidavit.
The final order of criminal contempt under review is reversed, and the defendant is discharged therefrom, but the trial court’s refusal to strike the defendant’s defenses is affirmed.
Affirmed in part; reversed in part.