WEBSTER, J.
Appellants seek review of a final judgment, entered following a jury trial, awarding damages to appellee in a personal injury action. Among other issues, they argue that the trial court erroneously allowed a Georgia state trooper who had investigated the accident to testify, over objection, regarding his opinion as to the cause of the accident even though it had moments earlier ruled that the trooper would not be permitted to testify as an expert. We conclude that the trial court abused its discretion when it overruled appellants’ objection to the trooper’s testimony regarding his opinion as to the cause of the accident, and that the error was harmful. Accordingly, we reverse and remand for a new trial. In light of this disposition, we find it unnecessary to address appellants’ other issues.
An accident involving the parties occurred on a night in October 1998, a short time after 11:00 p.m., on Interstate 95 in Camden County, Georgia, just north of the Florida state line. Appellants were the driver and owner, respectively, of a tractor-trailer, and appellee was a passenger in a rented truck driven by her son, which was pulling a flatbed trailer with a car on it. Nearly two years later, appellee filed suit against appellants in Jacksonville. Appellee’s position was that appellants’ *1159 negligence was the sole cause of the accident, and appellants’ position was that the negligence of appellee and her son was the sole cause.
During the trial, appellee called Trooper Strickland of the Georgia Highway Patrol. Trooper Strickland had investigated the accident. At the time, he had been with the Georgia Highway Patrol less than two years. Immediately before Trooper Strickland took the stand, appellants’ lawyer objected to any attempt to elicit expert testimony from him regarding the cause of the accident because he had never been disclosed as an expert. Appellee’s lawyer initially represented that he did not plan to offer Trooper Strickland as an expert. However, when it became apparent that some of the areas about which appellee’s lawyer intended to question the trooper might well involve questions calling for opinions, the trial court said, “if he was not listed as an expert witness, I’m not going to permit him to testify as an expert witness. He’s a fact witness.” After additional discussion, the trial court ruled, “I’m not letting him testify as an expert. He’s testifying as a fact witness, as a lay witness, the investigating officer.” The trial court told appellants’ lawyer, “you can object if you think the question is beyond the scope of what an investigating officer/lay witness/fact person can give and I’ll rule at that time.”
Trooper Strickland then took the stand, in uniform. Dining direct examination, appellee’s lawyer asked, “after having done [your] investigation, what was your conclusion as to, as to how this accident happened and what caused it.” After the trial court overruled the objection made by appellants’ lawyer, Trooper Strickland responded:
This was a, .for lack of better words, classic following too close. I — what I get here is the driver fell asleep, woke up, seen what was about to happen, applied the brakes, maybe even tried to avoid the accident as depicted in the picture and tried to come back up on the road and struck Vehicle 1 [in which ap-pellee was traveling].
Clearly, this testimony was pure opinion. Equally clearly, the trial court had only moments before ruled that Trooper Strickland would not be permitted to testify as an expert. In light of this, the trial court’s ruling on the objection made by appellants’ lawyer can only be characterized as puzzling, and an abuse of discretion. See, e.g., Shearon v. Sullivan, 821 So.2d 1222, 1225 (Fla. 1st DCA 2002) (“[t]he standard of review of a trial court’s exclusion of evidence is abuse of discretion”).
Appellee’s principal response to appellants’ argument regarding this ruling is that appellants have failed to demonstrate that it was harmful. According to appel-lee, the testimony could not have been harmful because it was “merely cumulative” to that of her expert witness in accident reconstruction. We are unable to accept appellee’s harmless error argument.
Appellee’s accident reconstructionist summarized his opinion regarding how the accident occurred as follows:
My conclusions are the operator of the tractor-trailer was exceeding the posted speed limit of 70 miles an hour; also traveling in this same lane as the [rental] truck and auto transport and simply failed to proceed and react in a timely manner which caused him to strike the rear of the auto transport causing it to lose control and come to a final rest.
He did not offer any opinion about what caused appellant Galvez to fail to “react in a timely manner.” Nobody, other than Trooper Strickland, offered an opinion regarding the cause of appellant Galvez’s alleged lack of attention. Moreover, there is no support in the record for Trooper *1160 Strickland’s conclusion that the accident was caused because appellant Galvez had fallen asleep behind the wheel. That testimony can only be characterized as pure speculation.
Because Trooper Strickland’s testimony cannot properly be characterized as “merely cumulative” to that of appellee’s accident reconstructionist, it cannot be argued to be harmless for that reason. On the contrary, it seems to us entirely reasonable to conclude that the testimony was harmful.
When an investigating officer testifies, he or she does so as a disinterested party. This was certainly the appearance created by Trooper Strickland in this case. Because of this fact, when such an individual offers testimony which is generally consistent with that of a party’s paid expert, it will in all likelihood cause jurors to give additional credence to the expert’s testimony because of the corroboration. Without such corroboration, jurors might well discount the testimony of a paid expert, as they are entitled to do. But cf. Segarra v. Mellerson, 675 So.2d 980, 982-88 (Fla. Bd DCA 1996) (holding that opinion testimony offered by a state trooper did not constitute harmful error where it was “merely cumulative” to that of a second defendant’s accident reconstructionist, whose testimony had placed fault for the accident on the appealing defendant).
The trial court’s ruling constituted an abuse of discretion and was not harmless. Accordingly, we reverse, and remand for a new trial. In light of our disposition of this issue, we find it unnecessary to address appellants’ other issues, other than to urge the trial court on retrial to be vigilant in ensuring that the lawyers do not engage in arguments prohibited by The Florida Bar Rules of Professional Conduct. See, e.g., Murphy v. Int’l Robotic Sys., Inc., 766 So.2d 1010, 1023 (Fla.2000) (“a trial judge has a duty to prevent improper closing argument from prejudicing the jury”).
REVERSED and REMANDED, with directions.
PADOVANO and POLSTON, JJ., CONCUR.