302 So.2d 206 (1974)
Michael A. BAGGETT, Appellant,
v.
STATE of Florida, Appellee.
No. 74-323.
District Court of Appeal of Florida, Second District.
October 4, 1974.
Rehearing Denied November 18, 1974.
*207 James A. Gardner, Public Defender, and Ellen Condon, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Richard C. Booth, Asst. Atty. Gen., Tampa, for Appellee.
McNULTY, Chief Judge.
Appellant was found guilty of breaking and entering with intent to commit grand larceny and of grand larceny, each arising out of the same burglary. He was originally sentenced to seven years on the breaking and entering charge and to five years on the grand larceny charge to run consecutively, a total of twelve years. In a prior appeal[1] we remanded the cause on the authority of Cone v. State,[2] i.e, as violative of the "single transaction" rationale,[3] and ordered the vacation of the grand larceny sentence and a resentencing on the breaking and entering charge. On remand the trial court vacated the grand larceny sentence pursuant to our mandate and resentenced appellant on the breaking and entering charge, this time to a twelve year term. In vacating the grand larceny charge, however, the court went further and deferred sentencing thereon "from day to day and term to term." Appellant now seeks vacation of that deferred sentence and a reduction of the twelve year sentence on the breaking and entering charge claiming that the court was without authority to increase the original seven year sentence thereon.
First, as to the new, twelve year sentence we hold that from the imposition thereof, which equaled the combined original two sentences, and which was still within the prescribed statutory limits for the higher offense[4], it may be presumed that the trial court had intended originally to impose the equivalent of a single sentence, of the length specified, which he lawfully could have imposed if there were but the higher charge. Had he done so appellant surely couldn't be heard to complain; and he is in no better position now. We do not consider this a situation contemplated by those cases wherein it was held that a lawful sentence, once begun, cannot subsequently be vacated and increased.[5] In those cases the net effect of the resentencing was to impose greater punishment while, here, the punishment is the same; the resentencing there was unfair, here it is not. We have no hesitancy in suggesting, moreover, that a resentencing may even exceed an original sentence assuming, of course, compliance with the caveat in North Carolina v. Pearce[6] relating to aggravating circumstances occurring subsequently to the original sentence.
Coming now to the deferred sentence on the grand larceny charge, we think the court erred in so deferring sentence from "day to day and term to term." *208 In State v. Bateh[7] our Supreme Court addressed a similar situation saying:
"... one convicted of an offense is entitled to know just when in his life ... he is no longer subject to the power of the court to translate his liberty to imprisonment."
Apart from the potential consequences inherent in a sentence to a definite term of probation we know of no authority to defer either from "day to day" or from "term to term" the imposition of a sentence of imprisonment. Furthermore, imposition of any sentence on the grand larceny charge under the facts herein, even if that fateful "day" and "term" were considered to have arrived, would be contra to our rationale in Edmond v. State.[8] The order was erroneous.
Accordingly, the sentence on the breaking and entering charge should be, and the same is hereby, affirmed. The order deferring sentence on the grand larceny charge, however, should be, and it is hereby, reversed.
Affirmed in part, reversed in part.
BOARDMAN, J., concurs.
MANN, J. (Ret.), concurs specially with opinion.
MANN, Judge (Ret.), concurring.
This case shows the folly of allowing the judgment as to which a sentence is vacated for violation of the single transaction rule discussed in Cone and Edmond, supra, to remain. I think, as I said in Bowen v. State, Fla.App., 301 So.2d 793. Opinion filed October 4, 1974, that it is time we stopped vacating invalid sentences as to offenses for which the defendant can never be sentenced without vacating as well the underlying judgments. I could argue this point on constitutional grounds, if necessary, but for the moment the common sense of the situation seems to suffice.
NOTES
[1] Baggett v. State (Fla.App.2d 1974), 287 So.2d 336.
[2] (Fla. 1973), 285 So.2d 12.
[3] In retrospect, the Cone case, supra, may have been the wrong authority upon which to rely since the facts herein bring the case more precisely within the rationale of Edmond v. State (Fla.App.2d 1973), 280 So.2d 449. In any event, such discrepancy is of no consequence to our disposition of the case as it now stands before us.
[4] See, § 810.01 and § 775.082(4)(c), F.S. 1973.
[5] See, e.g., Troupe v. Rowe (Fla. 1973), 283 So.2d 857, and Beckom v. State (Fla.App.2d 1969), 227 So.2d 232.
[6] 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969).
[7] (Fla. 1959), 110 So.2d 7.
[8] (Fla.App.2d 1973), 280 So.2d 449.