PER CURIAM.
Appellant was convicted, under a two-count information, of breaking and entering an automobile with intent to commit larceny, as charged in County One, and of grand larceny as charged in Count Two. The evidence was sufficient to support the judgments under the charges as laid in the information. Accordingly, on the merits of the appeal no reversible error appears.
It is patent from the record that each offense occurred as a result of the same burglarious episode. Notwithstanding, contrary to our holding in Edmond v. State[1] the court entered two judgments and imposed two sentences.
We hold, as to Count One, that the judgment and sentence are lawful and should remain undisturbed. As to Count Two, however, the sentence should be, and it is hereby, vacated.[2]
One final matter needs our attention. We note that the written judgments entered herein erroneously reflect that each count consisted of a charge of breaking and entering an auto. The judgment as to Count Two should have reflected that such count involved the charge of grand larceny, not “B & E AUTO.” It is patent from the information, the evidence, the arguments of counsel" and the verdicts of the jury that such error is a scrivener’s error. Accordingly, upon remand the court is directed to clarify the record and amend the judgment on Count Two so as to reflect the conviction therein to be on the charge of grand larceny. The sentence imposed thereon, however, is vacated as indicated above.
McNULTY, C. J., and BOARDMAN, J., concur.
MANN, J. (Ret.), concurs specially with opinion.

. (Fla.App.2d, 1973), 280 So.2d 449.

. Edmond v. State, id.