302 So.2d 164 (1974)
STATE of Florida, Petitioner,
v.
John Laurance SWEETMAN, Respondent.
No. 74-481.
District Court of Appeal of Florida, Fourth District.
October 25, 1974.
*165 David H. Bludworth, State's Atty., and Bennett S. Cohn, Asst. State Atty., West Palm Beach, for petitioner.
Richard L. Jorandby, Public Defender, and Elliot R. Brooks, Asst. Public Defender, West Palm Beach, for respondent.
CROSS, Judge.
Petitioner, State of Florida, by petition for writ of certiorari seeks review of an order entered by the Circuit Court of Palm Beach County discharging the respondent, John Laurance Sweetman.
On August 8, 1972, the respondent, John Laurance Sweetman, was arrested and charged with four counts of lewd, lascivious or indecent assault upon a child. Respondent waived his right to a speedy trial. Trial by jury was held on May 18, 1973. The jury found the respondent guilty as charged.
The trial court withheld adjudication and sentence and ordered that a presentence investigation be conducted on the respondent. The presentence investigation report was received by the court on September 5, 1973. The trial court set January *166 22, 1974 as the date for the respondent's sentencing.
It was then discovered that Section 801.051, Florida Statutes 1973, required a trial court to appoint at least two qualified psychiatrists to examine an individual convicted of lewd, lascivious or indecent assault upon a child, and receive a written report of the result of each examination before sentencing said individual. On January 22, 1974 the trial court appointed two psychiatrists and ordered them to examine the respondent, and file written reports with the court concerning the respondent's mental condition.
On March 20, 1974 the trial court, having received neither psychiatrist's report, sua sponte ordered the case against respondent dismissed. A petition for a rehearing on the trial court's March 20th order was filed by the state. The trial court granted the state's petition and amended the March 20th order to allow the state to show cause why the respondent should not be discharged for failure on the part of the state to dispose of the respondent's case within a reasonable time. After a hearing was held on the matter, the trial court on April 9, 1974, ordered the discharge of the respondent without adjudication. Hence, this petition for a writ of certiorari by the state.
In its petition for a writ of certiorari, the state contends that the trial court departed from the essential requirements of the law by discharging the respondent.
Rule 3.670, Fla.RCrP (1973), unequivocally requires that a judgment of guilty be rendered by the trial court in open court and in writing signed by the court, filed and recorded, if a defendant is found guilty of a crime. Only if the trial court places the defendant on probation may the court withhold such adjudication of guilt.
The trial court may hold in abeyance the passage of sentence upon one convicted of a crime for such procedural reasons as determination of motions and other matters arising between the time of verdict and judgment, procuration of information necessary to the imposition of a just sentence or the disposition of other charges against the defendant. However, in the absence of the above outlined circumstances, the trial court should at the time the defendant is adjudged guilty of an offense, either sentence the defendant or place him on probation. State v. Bateh, 110 So.2d 7 (Fla. 1959); Helton v. State, 106 So.2d 79 (Fla. 1958); see also Rule 3.720, Fla.RCrP (1973).
In the instant case, there was no unreasonable or oppressive delay by the state in disposing of the respondent's case after the respondent had been found guilty of four counts of lewd, lascivious or indecent assault upon a child. Even if there was such delay by the state, the remedy would not be discharge of the respondent by the trial court. The respondent, once tried and convicted of a crime, had no constitutional right to speedy disposition of his case, akin to the constitutional right of speedy trial, which would warrant his discharge.
On May 18, 1973, after the jury had found the respondent guilty of the crimes charged, the trial court ordered that a presentence investigation be conducted on the respondent. This presentence investigation was mandatory under Rule 3.710, Fla.RCrP (1973), because this conviction was the respondent's first conviction of a felony. The presentence investigation report was received on September 5, 1973 by the court. January 22, 1974 was set as the date for the respondent's sentencing. The trial court then discovered that as a prerequisite to sentencing the respondent convicted of lewd, lascivious or indecent assault upon a child, it was necessary under Section 801.051, Florida Statutes 1973, to appoint at least two qualified psychiatrists to examine the individual and receive a written report of the result of each examination. Two psychiatrists were appointed by the court on January 22, 1974 and their *167 reports were received by the court in early April 1974. These presentencing procedures which caused the delay in the disposition of the respondent's case were not only legally required, but designed for the wellbeing of the respondent and protection of society as a whole. It was incumbent upon the trial court once these procedures were concluded to either adjudge the respondent guilty and sentence him to confinement or to withhold adjudication on the respondent and place him on probation. Not having done so, the trial court departed from the essential requirements of the law in discharging the respondent from custody.
Accordingly, the petition for writ of certiorari is granted, the April 9, 1974 order is quashed, and the cause remanded to the trial court for further proceedings consistent with the views herein expressed.
It is so ordered.
OWEN, C.J., and MAGER, J., concur.