330 So.2d 548 (1976)
Clyde W. McARTHUR, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. Z-265.
District Court of Appeal of Florida, First District.
April 22, 1976.
*549 Richard W. Ervin, III, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Carolyn M. Snurkowski, Asst. Atty. Gen., for appellee.
McCORD, Judge.
Appellant pled guilty to all four counts of an information. After presentence investigation and report, he was adjudged guilty and sentenced to three years' imprisonment on the first count. As to the three remaining counts, the trial court announced, "I defer adjudication and sentence from day to day and term to term." Appellant contends such deferment was in error.
In Baggett v. State, Fla.App. (2d), 302 So.2d 206 (1974), the trial court had adjudicated guilt on two counts, sentenced on one and deferred sentence on the other from "day to day and term to term." Citing State v. Bateh, Fla., 110 So.2d 7 (1959), our sister court of the Second District held the order in Baggett to be erroneous and reversed stating:
"Apart from the potential consequences inherent in a sentence to a definite term of probation we know of no authority to defer either from day to day or from term to term the imposition of a sentence of imprisonment."
We agree and are unable to see that there is any less error in deferring adjudication and sentence from day to day and term to term. As the Supreme Court said in Bateh:
"... the power of trial judges to hold in abeyance the passage of sentences and to impose them any time in the future, regardless of probation, is disapproved. For procedural reasons such as the determination of `motions and other matters arising between verdict and judgment, [or for the purpose of] gaining information necessary to the imposition of a just sentence; or during the pendency of other charges, or for other good and valid reasons,' to quote from Bateh v. State, supra, the language copied in Helton v. State, supra [Fla., 106 So.2d 79], there may be justifiable delay, and when convicts are put on probation the sentences, of course, may be deferred conditioned on obedience to the terms of probation. But it was plainly the view of the district court, and it is now the view of this court, that one convicted of an offense is entitled to know just when in his life, he meanwhile being at liberty, he is no longer subject to the power of the court to translate his liberty to imprisonment.
* * * * * *
The upshot of this discussion is that when a person is adjudged guilty of an offense the trial judge should, in the absence of the circumstances outlined, either sentence him or place him on probation. This procedure would obviate for all time the possibility that a convict wandering around because he had not been actually sentenced could be summoned into court at any time, regardless of the march of the years, and sentenced for a term which would long since have expired had it been imposed in the beginning."
The same reasoning of the Supreme Court in Bateh and the District Court in Baggett as to deferral of sentence would apply *550 equally to deferral of adjudication and sentence. Compare State v. Sweetman, Fla. App. (4th), 302 So.2d 164 (1974). Although the appellant in the case sub judice is not at liberty (he having been sentenced to three years imprisonment on the first count), he is entitled to have all of the charges to which he had pled guilty disposed of expeditiously and not held in a state of limbo.
The judgment and sentence on the first count are affirmed. The deferral of adjudication and sentence as to each of the remaining counts is reversed and the case is remanded with directions to adjudicate said counts and make appropriate disposition thereof.
RAWLS, Acting C.J., and SMITH, J., concur.