MILLS, Judge:
A jury found Jones guilty of breaking and entering a dwelling house with intent to commit grand larceny, robbery, sexual battery and assault and battery. He contends that the trial court erred in denying his motion for a change of venue, in refusing a requested instruction, and in deferring adjudication of guilt and imposition of sentence from day to day and term to term on the crime of assault and battery.
The record reflects that Jones received a fair and impartial trial by a panel of impartial jurors. The trial court did not abuse its discretion in denying Jones’ motion for a change of venue. Dobbert v. State, 328 So.2d 433 (Fla.1976).
Jones requested that the trial court charge the jury that “in order to establish identity by use of fingerprints, the prosecutor must show that the fingerprints of the accused could only have been made at the time the crime was committed.” The court denied the request. Although the requested charge accurately states the law, the court did not err in denying it, because it properly gave the jury charge 2.14, circumstantial evidence, Florida Standard Jury Instructions In Criminal Cases. We must point out, however, that the record furnished us would not have been sufficient for us to determine whether the court erred.
The trial court did err in deferring adjudication and sentencing on the crime of assault and battery from day to day and term to term. McArthur v. State, 330 So.2d 548 (Fla. 1st DCA 1976). Jones is entitled to have, all offenses of which he was found guilty disposed of expeditiously.
The judgments and sentences on the first three crimes are affirmed. The deferral of adjudication and sentence on the crime of assault and battery is reversed and this case is remanded with directions to adjudicate and make appropriate disposition of this crime.
BOYER, C. J., and McCORD, J., concur.