356 So.2d 846 (1978)
John Arthur THOMAS, Appellant,
v.
STATE of Florida, Appellee.
No. 76-2465.
District Court of Appeal of Florida, Fourth District.
March 14, 1978.
Rehearing Denied April 10, 1978.
*847 Richard L. Jorandby, Public Defender, Frank B. Kessler, and Larry S. Weaver, Asst. Public Defenders, West Palm Beach, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Anthony J. Golden, Asst. Atty. Gen., West Palm Beach, for appellee.
DAUKSCH, Judge.
Appellant was convicted of robbery and sentenced to life imprisonment with a minimum of three years since a gun was used. Section 775.087, Florida Statutes (1975). At the time of sentencing the trial judge said:
"Well, the Court would like to have discretion to order such a presentence investigation report, but the language of Section 775.087 specifically provides that the Court shall proceed, notwithstanding the provision of Chapter 948.01 or Section 948.01 of the Florida Statutes. 948.01 is that section of the Florida Statutes which provides for the ordering of a presentence investigation. So, the only conclusion which this Court can arrive at is that it is the intention of the Legislature that the Court proceed to pronounce sentence at this time in such a case." (T-241-242)
This interpretation of Section 775.087, Florida Statutes (1975) is erroneous. That statute says the court cannot suspend, defer or withhold adjudication or sentence, it does not say the court cannot order a presentence investigation before judgment or sentence is passed. To send a man to prison for life without any consideration whatsoever of his background except that he was found guilty of robbery is not in the best interests of society.
Section 775.087, Florida Statutes (1975) says no deferment, suspension or withholding of adjudication or sentence. Deferred sentencing is not permitted. Helton v. State, 106 So.2d 79 (Fla. 1958); State v. Bateh, 110 So.2d 7 (Fla. 1959); McMillan v. State, 321 So.2d 441 (Fla. 2 DCA 1975); Jones v. State, 336 So.2d 672 (Fla. 1 DCA 1976); State v. Sweetman, 302 So.2d 164 (Fla. 4 DCA 1974). See also Cunningham v. State, 349 So.2d 702 (Fla. 4 DCA 1977).[1] A suspended sentence is only available if a person is placed on probation. Section 948.01(4) and (5) (1975) Helton v. State, supra. Withholding sentence is referred to in Section 948.01(3) and (4) (1975) and appears to be defined interchangeably with suspended sentence. Withholding and suspension of adjudication and sentence means the court declines to convict (adjudicate guilty) the defendant or fine or imprison him until probation is tried. Withholding or suspending adjudication or sentence in a felony case can only be done when the defendant is put on probation. Section 948.01(3), Florida Statutes (1975). If the defendant successfully completes his probation he is not a convicted person but if the probation is violated the court may then adjudicate and sentence.
The purpose of a presentence investigation is to assist the sentencing judge in determining a fair sentence for the defendant and society. Section 948.01(2), Florida Statutes (1975) says the sentencing judge shall order a presentence investigation report in every felony case. Section 775.087, Florida Statutes (1975) says adjudication and sentence shall not be suspended, deferred or withheld but it does not say the sentencing judge should blindly proceed to sentence without the most valuable, if not necessary, assistance of a presentence investigation report.
*848 The judgment is affirmed and the sentence reversed and this cause remanded for resentencing after a full and complete presentence investigation is made and the report considered by the sentencing judge prior to resentencing.
REVERSED and REMANDED.
ANSTEAD, J., and CRAWFORD, GRADY L., Associate Judge, concur.
NOTES
[1] See also the interesting article, Pobjecky, Sentencing Options, 51 Fla.Bar J., No. 1 (1977).