PER CURIAM.
The defendant, Dawane Mitchell, appeals from his convictions and sentences. The defendant raises numerous points on appeal, but only three merit a brief discussion.
First, we find that the trial court did not abuse its discretion by imposing a more severe sentence upon the defendant after trial than the plea offer made by the court at the close of the State’s ease-in-chief. A review of the record reveals that the reasons for the more severe sentence affirmatively appear in the record so as to assure the absence of vindictiveness. Fraley v. State, 426 So.2d 983 (Fla. 3d DCA 1983).
Next, we find that the trial court did not abuse its discretion by denying the defendant’s motion to exclude his blood and saliva samples where the trial court conducted a *811 Richardson[1] hearing and concluded that the State’s alleged discovery violation was inadvertent and did not prejudice the defendant. Vena v. State, 295 So.2d 720, 722 (Fla. 3d DCA 1974), cert. denied, 307 So.2d 184 (Fla.1975).
Lastly, we find that the trial court properly excluded evidence concerning the victim’s prior sexual relationship with the defendant’s brother where the defense failed to show that the testimony fell within an exception to the Rape Shield Law. § 794.022(2), Fla. Stat. (1995). More specifically, the defense’s proffer was insufficient to establish a pattern of conduct or behavior on the part of the victim that was so similar to the conduct or behavior in the case that it was relevant to the issue of consent. Young v. State, 562 So.2d 370 (Fla. 3d DCA 1990); Hodges v. State, 386 So.2d 888 (Fla. 1st DCA 1980).
Accordingly, we affirm the defendant’s convictions and sentences.

. Richardson v. State, 246 So.2d 771 (Fla.1971).