756 So.2d 1063 (2000)
Eddie WILTZER, Appellant/Cross-Appellee,
v.
STATE of Florida, Appellee/Cross-Appellant.
No. 4D98-2084.
District Court of Appeal of Florida, Fourth District.
April 12, 2000.
*1064 Benedict P. Kuehne, Jon A. Sale, and Susan Dmitrovsky of Sale & Kuehne, P.A., Miami, for appellant/cross-appellee.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez-Orosa, Assistant Attorney General, West Palm Beach, for appellee/cross-appellant.
PER CURIAM.
Eddie Wiltzer appeals his convictions for disorderly conduct and resisting arrest without violence. He argues that the evidence was insufficient to sustain the conviction for disorderly conduct and that, as a result, he was entitled to resist his arrest. He also contends that the trial court committed an error in its admission of photographs of the arresting officer's injuries. The State cross-appeals the trial court's modification of appellant's sentence by withholding adjudication of guilt. We affirm appellant's convictions, reverse modification of his sentence, and remand for further proceedings.
On December 22, 1996, appellant and his wife entered a Publix grocery store shortly before its closing time of 11:00 p.m. Officer Horatio Ragsdale of the Hallandale Police Department served as the Publix security guard. At trial, Officer Ragsdale testified that he approached appellant three times between 11:00 and 11:15 p.m., politely informed him that the store had closed, and suggested that he take his purchases to the check-out. According to Ragsdale, the second time he advised appellant to check out, appellant ignored him. When he asked appellant for the third time, appellant began to yell, complaining that the *1065 officer had asked him to leave on four occasions. He then told the officer to move out of his way so he could go to the produce section. As appellant moved toward the produce section, which was located in the opposite direction from the check-out, Ragsdale attempted to block the aisle. Appellant told the officer to "move out of [his] f___ing way," at which time appellant bumped into Ragsdale and brushed him to the side.
Officer Ragsdale testified that he informed appellant he was under arrest for disorderly conduct. Appellant continued yelling obscenities and asked, "[W]ho do you think you are? You don't tell me what to do." When the officer asked appellant to show his identification, appellant reached into his pocket and threw his wallet at the officer's chest, cursing. Ragsdale then attempted to restrain appellant, who began to swing and punch the officer. The officer gained control of appellant's arms and appellant kicked him in the chest. According to Ragsdale, the men then fell to the floor; and after a struggle, he was able to handcuff appellant. Appellant refused to willingly leave and continued to yell, but Ragsdale pulled him to his feet and pushed him to the front of the store and outside. The officer testified that as he attempted to place appellant into a responding officer's police cruiser, appellant kicked him in the groin.
Appellant and his wife both testified that Ragsdale was the aggressor in the conflict. According to appellant, the officer notified him of the store closing only once and then told him, "[T]he cashier is behind you. You have to go that way." After appellant told the officer he needed to put his merchandise in his wife's basket, Ragsdale stated, "I could arrest you." When appellant asked, "[A]rrest me for what?," the officer moved toward him and pushed him backward with his chest. Appellant denied ever kicking or throwing his wallet at the officer, and he stated that the officer had been "absolutely beating" him during the altercation. He testified that the officer kicked him in the groin while forcibly pushing him into the police car.
Peter Wasniak, a produce clerk at Publix, witnessed the incident. He testified that at approximately 11:15 to 11:20, he heard shouting, looked up, and saw appellant yelling at Officer Ragsdale. Appellant's voice grew louder and when Ragsdale asked for identification, appellant flung his wallet at the officer's chest. Two witnesses who had accompanied appellant and his wife to the store stated that Officer Ragsdale "dragged" appellant out of the store and threw him against a wall outside. Another witness also observed Ragsdale drag appellant to the front of the store. Merle Finkelstein testified that while shopping with her daughter, loud talking drew their attention to appellant, but that she soon left the area to shield her daughter from the ensuing physical altercation between appellant and Ragsdale.
Appellant contends that the evidence was insufficient to support a conviction for disorderly conduct. The Florida disorderly conduct statute provides:
Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree....
§ 877.03, Fla. Stat. (1995). In State v. Saunders, 339 So.2d 641 (Fla.1976), the supreme court held that the First Amendment limits application of section 877.03. Id. at 644. The court concluded that the statute applies only to "words which `by their very utterance ... inflict injury or tend to incite an immediate breach of the peace,' ... or to words, known to be false, reporting some physical hazard in circumstances where such a report creates a clear and present danger of bodily harm to others." Id. (quoting White v. State, 330 So.2d 3, 7 (Fla.1976)). Absent one of these two circumstances, section 877.03 "should not be read to proscribe the use of language *1066 in any fashion whatsoever." Id. Thus, words alone cannot constitute disorderly conduct unless they are "fighting words" or "words like shouts of `fire' in a crowded theatre." Id.
The record in this case reveals that, excluding appellant's verbal conduct, his physical conduct during the encounter with Officer Ragsdale was sufficient to sustain a conviction under section 877.03. See C.L.B. v. State, 689 So.2d 1171 (Fla. 2d DCA 1997) (affirming where appellant's "nonverbal acts disturbed or interfered with an arrest and, therefore, breached the peace"); Delaney v. State, 489 So.2d 891 (Fla. 1st DCA 1986) (affirming where appellant precluded an officer from investigating a fight "by being loud and abusive, continually interrupting [the officer's] investigation, demanding that he take a report from [the appellant] first, yelling obscenities at [the officer], and ignoring [the officer's] request to wait his turn"); Wasserman v. State, 446 So.2d 231 (Fla. 3d DCA 1984) (concluding that "[t]he defendant's conviction of disorderly conduct ... is affirmed on the basis that her conduct, apart from her spoken words, supports the conviction").
We affirm appellant's conviction for disorderly conduct. His belligerent conduct attracted the attention of both employees and customers of Publix, and he defied the lawful orders of a police officer to leave the premises after close of business. Appellant's nonverbal conduct of bumping into Officer Ragsdale, brushing him aside, and throwing his wallet at the officer's chest constituted disorderly conduct under section 877.03. Because we affirm appellant's conviction for disorderly conduct, we likewise affirm his conviction for resisting arrest without violence. His initial arrest was lawful; therefore, he was not entitled by law to resist.
Next, appellant argues that the trial court erred by admitting photographs of Officer Ragsdale's injuries. He contends that their admission was improper both because the State failed to disclose the photographs prior to trial, and because proof of injury to the officer was not an element of the charge. Following a Richardson hearing on the late-disclosed photographs, the trial court concluded (1) that appellant suffered no procedural prejudice by the State's failure to disclose, but (2) that the photographs were irrelevant, and alternatively, more prejudicial than probative. See Richardson v. State, 246 So.2d 771, 776 (Fla.1971). However, the trial court cautioned appellant that if he "opened the door" to evidence of the officer's injuries by introducing testimony of a civil suit filed by Ragsdale, the photographs would become relevant and more probative than prejudicial. Since the trial court conducted an adequate Richardson hearing on the late-disclosed evidence, we review its decision to admit the evidence for an abuse of discretion. See Mitchell v. State, 695 So.2d 810, 810 (Fla. 3d DCA 1997). Appellant subsequently introduced testimony concerning Officer Ragsdale's civil suit; therefore, the trial court did not abuse its discretion by admitting the photographs. See Medina v. State, 466 So.2d 1046 (Fla.1985).
By cross-appeal, the State argues that the trial court erred by modifying appellant's sentence. We agree. Here, the trial court initially withheld adjudication on appellant's conviction for resisting arrest without violence, but adjudicated him guilty on the conviction for disorderly conduct. The court later modified the judgment to withhold adjudication on disorderly conduct as well. The trial judge explicitly denied the State's request for probation, stating that he saw "no purpose of probation" in this case. He ordered only a fine of $250 on each count and restitution of $100. The trial court had jurisdiction to modify the judgment. See Abreu v. State, 660 So.2d 703 (Fla.1995); Moya v. State, 668 So.2d 279 (Fla. 2d DCA 1996).
However, Florida Rule of Criminal Procedure 3.670 provides, "If the defendant is found guilty, a judgment of guilty ... shall be rendered in open court and in writing, *1067 signed by the judge, filed, and recorded. However, the judge may withhold an adjudication of guilt if the judge places the defendant on probation." Id.; see State v. Sweetman, 302 So.2d 164, 166 (Fla. 4th DCA 1974) ("Only if the trial court places the defendant on probation may the court withhold such adjudication of guilt.") Because the trial court withheld adjudication following a jury verdict of guilt without ordering probation, the court exceeded the scope of its authority under Rule 3.670.
We affirm appellant's convictions for disorderly conduct and resisting arrest. We reverse the trial court's modification of his sentence, and we remand to the trial court for adjudication of guilt and for resentencing, which may include sentencing in accordance with Rule 3.670.
AFFIRMED in part, REVERSED in part, REMANDED.
DELL, STONE and TAYLOR, JJ., concur.