846 So.2d 1271 (2003)
STATE of Florida, Appellant,
v.
Joseph SYLVIO, Appellee.
No. 4D02-1271.
District Court of Appeal of Florida, Fourth District.
June 11, 2003.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Donna M. Hoffmann, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Iva Oza, Assistant Public Defender, West Palm Beach, for appellee.
POLEN, C.J.
Joseph Sylvio pled guilty to possession of cocaine, a third degree felony. § 893.13(6)(a), Fla. Stat. (2002). The State had offered Sylvio an adjudication with 184 days in jail and credit for 184 days time served, but Sylvio rejected the offer. The matter proceeded to a plea hearing and sentencing. Sylvio's trial counsel informed the court that Sylvio had been advised by his out-of-state counsel[1] to request a withhold instead of an adjudication. The trial court sentenced Sylvio to a "withhold and waive." The State objected, questioning whether the sentence was legal since the court had not also placed Sylvio on probation. We agree with the State's contention and find the sentence meted out below was not authorized by the law. As noted above, this issue has been preserved for appellate review. Cf. State v. Hewitt, 702 So.2d 633, 636 (Fla. 1st DCA 1997) (State's argument that trial court erred in with-holding *1272 adjudication without also ordering probation, did not attempt to establish the sentence was "illegal," but rather that it was unauthorized by the law, and thus had to be preserved; on the facts, court found this argument had not been preserved for appellate review).
Adjudication of guilt may be withheld if the trial judge places the defendant on probation. See State v. Seward, 543 So.2d 398 (Fla. 4th DCA 1989); State v. Scarantino, 543 So.2d 399 (Fla. 4th DCA 1989); see also State v. McFadden, 772 So.2d 1209, 1211 (Fla.2000)("Trial courts may withhold adjudication of guilt after a plea has been accepted or after a verdict of guilty has been rendered and place the defendant on probation provided that the requirements of section 948.01(2), Florida Statutes, are met")(emphasis added); Fla. R.Crim. P. 3.670. Sylvio's sentence of withhold and waive, without also placing him on probation, is not authorized by the law, and, therefore, must be reversed.
The trial court has two sentencing alternatives, from which it may choose in its discretion, on remand. First, the court may reinstate the withhold of adjudication if the court also places Sylvio on probation. We note the court may impose probation on Sylvio with a condition that he serve 184 days (or less), with credit for the days which he has already served. See Seward, 543 So.2d at 399. In the alternative, the trial court may adjudicate Sylvio guilty with credit for time served.
REVERSED and REMANDED for re-sentencing.
GUNTHER and TAYLOR, JJ., concur.
NOTES
[1] While out on bond on this case, Sylvio was arrested on a federal charge and was currently being held in a federal prison in Pennsylvania. However, he was present at the instant plea and sentencing hearing.