984 So.2d 639 (2008)
STATE of Florida, Appellant,
v.
Samuel TRIBBLE, Appellee.
No. 4D07-3715.
District Court of Appeal of Florida, Fourth District.
June 18, 2008.
Bill McCollum, Attorney General, Tallahassee, and Thomas A. Palmer, Assistant Attorney General, West Palm Beach, for appellant.
Carey Haughwout, Public Defender, and Margaret Good-Earnest, Assistant Public Defender, West Palm Beach, for appellee.
*640 MAY, J.
The State appeals the trial court's imposition of a withhold of adjudication and court costs after the defendant pled guilty to a possession of cocaine charge. It argues the trial court imposed an unlawful sentence. We agree and reverse.
The State charged the defendant with possession of cocaine. Defense counsel asked the trial court to withhold adjudication, impose a term of probation for one day in county jail, and terminate the defendant's probation. The State objected and claimed that such a sentence was illegal. Ultimately, the trial court accepted the defendant's guilty plea and pronounced: "Adjudication of guilt withheld; I'm assessing court costs in the amount of 663 dollars, which will be due within one year." The State again objected to the sentence as illegal. The trial court marked the defendant's scoresheet, "No Sentence," and prepared an Order Assessing Additional Charges, Costs, and Fines and Entering Judgment.
The defendant moved to correct a sentencing error, pursuant to Rule 3.800(b)(2), Florida Rules of Criminal Procedure, and requested the trial court to specifically state "that no probation is necessary when the court accepts a plea and withholds adjudication without further sentence than imposition of $663 of fees, fines and costs." The trial court summarily denied the motion. The State now appeals the defendant's sentence.
The result in this case is controlled by statute. Section 921.187(1)(a)3., Florida Statutes (2006), provides that the court may "[p]lace the offender on probation with or without an adjudication of guilt pursuant to s. 948.01" if a prison sentence is not imposed. Section 948.01, Florida Statutes (2006), provides that "the court . . . may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt; and, in either case, it shall stay and withhold the imposition of sentence upon such defendant and shall place the defendant upon probation."[1] The Rules of Criminal Procedure confirm the limited options available to the trial court. "[W]here allowed by law, the judge may withhold an adjudication of guilt if the judge places the defendant on probation." Fla. R.Crim. P. 3.670.
We have explained that once any required pre-sentencing procedures are concluded, the options available to the trial court are either to adjudge the defendant guilty and order confinement or to withhold adjudication and place the defendant on probation. State v. Sweetman, 302 So.2d 164, 167 (Fla. 4th DCA 1974). "Only if the trial court places the defendant on probation may the court withhold such adjudication of guilt." Id. at 166. See also State v. Sylvio, 846 So.2d 1271, 1272 (Fla. 4th DCA 2003).
Several years later, we more fully explained the interplay of the statutes in Thomas v. State, 356 So.2d 846 (Fla. 4th DCA), cert. denied, 361 So.2d 835 (Fla. 1978). "Withholding or suspending adjudication or sentence in a felony case can only be done when the defendant is put on probation." Id. at 847. More recently, in Wiltzer v. State, 756 So.2d 1063 (Fla. 4th DCA 2000), we addressed a sentence similar to the one presented here. The trial court ordered a fine on each count and restitution. Id. at 1066. On the State's cross-appeal, this Court reversed stating, "Because the trial court withheld adjudication *641 . . . without ordering probation, the court exceeded the scope of its authority under Rule 3.670." Id. at 1067.
While the trial court indicated that this is a test case, this issue has been resolved for some time. The trouble with Tribble's case is that the trial court failed to adhere to the options available to it under Florida Statutes. For this reason, the case is reversed.
Reversed and Remanded for Re-sentencing.
STEVENSON and GROSS, JJ., concur.
NOTES
[1] Section 948.01(2) was formerly subsection 948.01(3). Ch. 91-280, § 1, at 2587, Laws of Fla.