PER CURIAM.
 

 The state appeals the sentence imposed upon Andrew Messina by the trial court. Messina pleaded guilty to possession of marijuana with intent to sell pursuant to section 893.13(l)(a)2., Florida Statutes (2007), a third degree felony. Over the state’s objection, the trial court sentenced Messina to time served and withheld adjudication. The state argues the trial court imposed an illegal sentence. We agree and reverse.
 

 In
 
 State v. Tribble,
 
 984 So.2d 639 (Fla. 4th DCA 2008), after the defendant pleaded guilty to possession of cocaine, the trial court imposed court costs and withheld adjudication. The state objected to the sentence as illegal. The state appealed and this court held:
 

 The result in this case is controlled by statute. Section 921.187(l)(a)3., Florida Statutes (2006), provides that the court may “[pjlace the offender on probation with or without an adjudication of guilt pursuant to s. 948.01” if a prison sentence is not imposed. Section 948.01, Florida Statutes (2006), provides that “the court ... may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt; and, in either case, it shall stay and withhold the imposition of sentence upon such defendant and shall place the defendant upon probation.” The Rules of Criminal Procedure confirm the limited options available to the trial court. “[Wjhere allowed by law, the judge may withhold an adjudication of guilt if the judge places the defendant on probation.” Fla. R.Crim. P. 3.670.
 

 Id.
 
 at 640 (footnote omitted). Because Messina’s sentence did not include probation, it is not authorized by the law. We, accordingly, reverse and remand for resen-tencing.
 

 Additionally, in its brief, the state also asserts that in order for Messina to have adjudication withheld, he must be sentenced under section 948.034(1), Florida Statutes (2007), which requires, among other things, that the offender reside at a community residential drug punishment center for ninety days. That section is applicable to offenders who violated section 893.13(l)(a)l., Florida Statutes (2007). Appellant violated section 893.13(l)(a)2., the third degree felony, which is not governed by section 948.034(1). Section 948.034(2)(a), Florida Statutes (2007), is the subsection applicable to Messina’s offense.
 

 Reversed and Remanded.
 

 STEVENSON, HAZOURI and DAMOORGIAN, JJ., concur.