LAGOA, J.
 

 The defendant, Willie Fields (“Fields”), appeals his conviction for disorderly conduct. Because we find that the evidence was insufficient to support the disorderly conduct conviction, we reverse.
 

 I.
 
 FACTUAL AND PROCEDURAL HISTORY
 

 Fields was charged by information with one count of resisting an officer with violence in violation of section 843.01, Florida Statutes (2007), and one count of disorderly conduct in violation of section 877.03, Florida Statutes (2007). The disorderly conduct charge was based on the alleged act of “loudly uttering profanities in front of a business.” The count for resisting an officer with violence was based on the alleged act of “offering or doing violence to the person of said officer(s), in violation of s. 843.01, Fla. Stat.”
 

 The charges against Fields stem from an incident that occurred on August 21, 2007, at a Washington Mutual Bank. After receiving a call, Officer Jackson responded to the scene and overheard someone screaming profanities. Officer Jackson observed Fields standing in the bank’s doorway, on his cell phone, yelling loudly, and appearing visibly upset. Approximately ten to fifteen people were inside the bank and another five were gathered near the street, all of whom were watching Fields. Officer Jackson approached Fields with his weapon drawn and told him to get down on the ground. Fields did not comply with the verbal command and responded by stating, “What the f— you got that gun out for, you are going to go and shoot me?” Officer Jackson proceeded to place Fields against the wall but Fields pushed Officer Jackson back with enough force that both were knocked to the ground. Back-up officers arrived, and assisted Officer Jackson in restraining Fields.
 

 After Officer Jackson testified, the defense made a motion for judgment of acquittal arguing that the State failed to present a
 
 prima facie
 
 case for the count of disorderly conduct. The trial court denied the motion.
 

 Fields then testified that he was outside the Washington Mutual Bank speaking on the phone with a business associate when he noticed Officer Jackson with his weapon drawn. Upon seeing Officer Jackson, Fields stated, “And what the f— you’re going to do with that gun?” Fields testified that Officer Jackson struck him repeatedly and that he told the officer, “man, you hit like a b — h,” and “my mama hit harder than that.” Fields also said, “You must come from a line of b-s because you got nothing.” This exchange continued until the back-up officers arrived at the scene and arrested Fields. The defense rested and renewed its motion for judgment of acquittal, which the trial court denied.
 

 The jury returned a verdict of guilty on the count of disorderly conduct and not guilty on the count of resisting an officer with violence. The defense renewed its motion for judgment of acquittal after the jury returned the verdict and the trial court denied the motion. Fields was adjudicated guilty as charged and sentenced to seven days time served. This appeal followed.
 

 II.
 
 ANALYSIS
 

 Section 877.03, Florida Statutes (2007) states as follows:
 

 
 *648
 
 Breach of the peace; disorderly conduct
 

 Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083.
 

 In
 
 State v. Saunders,
 
 339 So.2d 641 (Fla.1976), the supreme court narrowed the statute’s scope in order to avoid its application to constitutionally protected speech. As the court explained:
 

 In light of these considerations, we now limit the application of Section 877.03 so that it shall hereafter only apply either to words which “by their very utterance ... Inflict injury or tend to incite an immediate breach of the peace,”
 
 White v. State,
 
 330 So.2d [3], 7 [ (Fla.1976) ];
 
 See Chaplinsky v. New Hampshire,
 
 315 U.S. 568, 572, 62 S.Ct. 766, 86 L.Ed. 1031 (1942); or to words, known to be false, reporting some physical hazard in circumstances where such a report creates a clear and present danger of bodily harm to others. We construe the statute so that no words except “fighting words” or words like shouts of “fire” in a crowded theatre fall within its proscription, in order to avoid the constitutional problem of overbreadth, and “the danger that a citizen will be punished as a criminal for exercising his right of free speech.”
 
 Spears v. State,
 
 supra, 337 So.2d [977], 980 [(Fla.1976)]. With these two exceptions, Section 877.03 should not be read to proscribe the use of language in any fashion whatsoever.
 

 Id.
 
 at 644.
 

 Accordingly, it is clear that “speech alone will not generally support a conviction for disorderly conduct” under section 877.03 as limited by
 
 Saunders. Barry v. State,
 
 934 So.2d 656, 658 (Fla. 2d DCA 2006).
 

 Here, the State’s theory was that the language used by Fields was so hostile or offensive that “bank customers were afraid to come in and exit the bank, caused a crowd to gather or caused people to have to avoid the area where he was.” This argument, however, is without merit. “[T]he mere fact that other people come outside or stop to watch what is going on is insufficient to support a conviction for disorderly conduct. Instead, there must be some evidence that the crowd is actually responding to the defendant’s words in some way that threatens to breach the peace.”
 
 Barry,
 
 934 So.2d at 659.
 
 [1]
 
 The evidence adduced at trial demonstrated that people were coming out of the bank, and that, as they did, they stopped to watch Fields. As explained above, the law is settled that the fact that a crowd has gathered to watch a defendant’s behavior, without more, is insufficient to support a conviction of disorderly conduct. Fields’ behavior of yelling into his phone and using profanity did not constitute “fighting words” or incite the crowd to action. Simply put, there was no evidence that the crowd gathered out of any purpose other than curiosity or to observe Fields’ behavior.
 

 
 *649
 
 Because the State’s evidence was insufficient to support Fields’ conviction for disorderly conduct, we reverse the conviction.
 

 Reversed.
 

 [1]
 

 . Although not the case here, a defendant's words may be sufficient to support a conviction for disorderly conduct when the defendant’s words cause a hostile crowd to gather and law enforcement officers develop safety concerns.
 
 See W.M. v. State,
 
 491 So.2d 335 (Fla. 3d DCA 1986).