DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDMOND ST. FLEURY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D17-787

[May 2, 2018]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Edward H. Merrigan Jr., Judge; L.T. Case No. 16-3689 CF10A.

Carey Haughwout, Public Defender, and Brad R. Schlesinger, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

LEVINE, J.

The issue for our consideration is whether the evidence presented at trial was sufficient to support a conviction for disorderly conduct. We find that because the state failed to prove that appellant posed an imminent danger to others or that appellant's words incited others to breach the peace, the trial court erred when it denied appellant's motion for judgment of acquittal on his disorderly conduct charge. Accordingly, we reverse appellant's conviction for that charge.[1]

Appellant went to a pet store to purchase a pet lizard. A store employee began questioning appellant about whether he would be able to take care of the lizard. The store manager then came over to tell appellant that the store would not be selling him the lizard because the manager did not think he would be able to take care of it.

---

[1] Appellant does not appeal his conviction and sentence for resisting a law enforcement officer with violence.

Upon hearing this, appellant began to loudly demand that the manager sell him the lizard. His argument with the manager caused patrons of the store to stop and stare. Others simply left the store. At this point, the manager asked appellant to leave, but appellant refused. The manager then called the police.

Two deputies from the Broward Sheriff's Office were the first to respond. Appellant told them that he did not want to leave the store because he wanted to buy the particular lizard he had been considering. One of the deputies asked appellant to produce his identification. Appellant did not cooperate and explained that his license was in his car. Appellant became boisterous and began cursing at the deputies, who repeatedly told him to calm down. Around this time, two more deputies arrived and instructed the remaining customers in the store to exit the premises. At no time did appellant threaten violence against any of the customers or the officers.

Appellant was then informed that he was being placed under arrest for disorderly conduct because he was being loud and boisterous. One of the deputies attempted to handcuff appellant while another tried to grab his arm. Appellant started to thrash back and forth and then punched one of the deputies in the chest. Eventually, the officers were able to tase and handcuff appellant. Appellant was arrested and charged with disorderly conduct and resisting a law enforcement officer with violence.

At trial, after the state rested its case, appellant moved for judgment of acquittal on the disorderly conduct charge, arguing that the state had failed to prove the elements of disorderly conduct. The trial court denied the motion. The jury found appellant guilty. Appellant appeals his conviction and sentence for disorderly conduct.

We review de novo the denial of a motion for judgment of acquittal. *Pagan v. State*, 830 So. 2d 792, 803 (Fla. 2002).

Section 877.03, Florida Statutes (2016), which criminalizes disorderly conduct, provides:

> Whoever commits such acts as are of a nature to corrupt the public morals, or outrage the sense of public decency, or affect the peace and quiet of persons who may witness them, or engages in brawling or fighting, or engages in such conduct as to constitute a breach of the peace or disorderly conduct, shall be guilty of a misdemeanor of the second degree . . . .

To withstand constitutional challenge, the Florida Supreme Court has

2

limited the scope of section 877.03 "to words which 'by their very utterance . . . inflict injury or tend to incite an immediate breach of the peace; or to words, known to be false, reporting some physical hazard in circumstances where such a report creates a clear and present danger of bodily harm to others." *State v. Saunders*, 339 So. 2d 641, 644 (Fla. 1976) (citations omitted).

The statute is to be construed so that "no words except 'fighting words' or words like shouts of 'fire' in a crowded theatre fall within its proscription . . . ." *Id.* Therefore, "a violation of Fla. Stat. § 877.03, F.S.A., requires more than the creation of a mere annoyance." *Id.* at 643; *see Chaplinsky v. State of New Hampshire*, 315 U.S. 568, 572 (1942) (identifying the types of speech that can be regulated, including fighting words "which by their very utterance inflict injury or tend to incite an immediate breach of the peace"). For example, mere boisterous behavior, even if it disrupts the operations of a business and draws onlookers' attention, is not by itself enough to sustain a disorderly conduct conviction.

In *Smith v. State*, 967 So. 2d 937 (Fla. 2d DCA 2007), the defendant was inside a bank yelling and cursing at a bank employee and subsequently at a police officer who responded. Customers could hear the defendant's verbal attacks, and some even made comments about the language being used. The Second District held that the evidence did not support the conviction of disorderly conduct, whether it occurred inside or outside the bank, because there was no evidence that the bank customers "responded to [the defendant's] words in any particular manner" or were incited to engage in an immediate breach of the peace. *Id.* at 940.

In *Fields v. State*, 24 So. 3d 646 (Fla. 3d DCA 2009), the defendant's conviction for disorderly conduct was also reversed. There, a crowd gathered to watch the defendant yelling while he was on the phone in the doorway of a bank. When an officer responded, a physical altercation ensued, making the bank customers afraid to enter or exit the bank. The Third District reversed the defendant's conviction for disorderly conduct, noting:

> [T]he mere fact that other people come outside or stop to watch what is going on is insufficient to support a conviction for disorderly conduct. Instead, there must be some evidence that the crowd is actually responding to the defendant's words in some way that threatens to breach the peace.

*Id.* at 648 (citation omitted).

The instant case is distinguishable from *Wiltzer v. State*, 756 So. 2d 1063 (Fla. 4th DCA 2000), on which the state relies. There, the defendant's conviction for disorderly conduct was upheld because the defendant pushed the officer and threw his wallet at him when the officer informed him that the store was closing and he would have to leave. It was only after the defendant made this physical contact that the officer arrested the defendant for disorderly conduct. This court determined that the defendant's "physical conduct during the encounter with [the officer] was sufficient to sustain a conviction under section 877.03." *Id.* at 1066. Here, in contrast, appellant did not use any force or threaten any violence until after the deputies had arrested him for disorderly conduct.

In the instant case, there was no evidence introduced at trial that appellant posed an imminent danger to others. In fact, the evidence showed that appellant did not threaten any violence or participate in any violent act until he was arrested for disorderly conduct. This post-arrest conduct cannot form the basis for a disorderly conduct charge. Furthermore, no evidence suggested that appellant's words amounted to "fighting words" or that those who gathered to watch what was going on were inclined to breach the peace. Instead, the evidence showed a disruption in business, which is insufficient grounds for a disorderly conduct conviction. *See Fields*, 24 So. 3d at 648; *Smith*, 967 So. 2d at 940. For the foregoing reasons, we reverse the conviction for disorderly conduct.

*Reversed and remanded.*

WARNER and GROSS, JJ., concur.

*     *     *

***Not final until disposition of timely filed motion for rehearing.***

4