DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ANTOINE ROBINSON,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-652

[June 26, 2019]

Appeal of order denying rule 3.800 motion from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Bernard I. Bober, Judge; L.T. Case No. 11-15902 CF10A.

Antoine Robinson, Arcadia, pro se.

Ashley B. Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, C.J.

The defendant appeals from the circuit court's denial of his Florida Rule of Criminal Procedure 3.800(a) motion to correct an illegal sentence. The defendant specifically challenges his sentence as a habitual felony offender (HFO). The defendant argues that the circuit court erred in treating a prior withhold of adjudication, for which the defendant did not also receive the legally-required probation or community control, as his HFO-qualifying prior conviction. We disagree with the defendant and affirm.

To sentence a defendant as an HFO, section 775.084(1)(a)2.b., Florida Statutes (2011), provides that the court must find, among other things:

> The felony for which the defendant is to be sentenced was committed . . . [w]ithin 5 years of the date of the _conviction_ of _the defendant's last prior felony or other qualified offense_, or within 5 years of the defendant's release from a prison sentence, probation, community control, control release, conditional release, parole or court-ordered or lawfully imposed supervision or other sentence that is imposed as a

result of a prior conviction for a felony or other qualified offense, whichever is later.

§ 775.084(1)(a)2.b., Fla. Stat. (2011) (emphasis added).

Regarding the definition of a "conviction," section 775.084(2) provides that "the placing of a person on probation or community control without an adjudication of guilt shall be treated as a prior conviction." § 775.084(2), Fla. Stat. (2011).

In the instant case, the circuit court treated as the defendant's HFO-qualifying prior conviction a Miami-Dade felony (from four years earlier) for which the Miami-Dade judge entered a withhold of adjudication, but suspended entry of a sentence without imposing probation or community control. Such a sentence was illegal because a withhold of adjudication on a felony requires the imposition of probation or community control. *See* § 948.01(2), Fla. Stat. (2011) (if a court withholds adjudication of guilt, "the court shall stay and withhold the imposition of sentence upon the defendant and *shall place a felony defendant upon probation.*") (emphasis added); Fla. R. Crim. P. 3.670 ("[W]here allowed by law, the judge may withhold an adjudication of guilt *if the judge places the defendant on probation.*") (emphasis added); *State v. Tribble*, 984 So. 2d 639, 640 (Fla. 4th DCA 2008) ("*Only if the trial court places the defendant on probation* may the court withhold such adjudication of guilt. . . . Withholding or suspending adjudication or sentence in a felony case can only be done *when the defendant is put on probation.*") (emphasis added; citations omitted).

The defendant did not challenge the HFO sentence on direct appeal. We affirmed his conviction and sentence, and the Florida Supreme Court denied review. *Robinson v. State*, 180 So. 3d 1056 (Fla. 4th DCA 2015), *rev. denied*, No. SC15-2244, 2016 WL 698528 (Fla. Feb. 22, 2016).

The defendant later filed in the circuit court his rule 3.800(a) motion, followed by a supplement to the motion. The defendant argued that the circuit court erred in treating his Miami-Dade felony as his HFO-qualifying prior conviction under section 775.084(1)(a)2.b. for two reasons: (1) the Miami-Dade felony was not a "conviction" under section 775.084(2) because although he received a withhold of adjudication for that offense, he was not placed on probation; and (2) because he received a withhold of adjudication but was not placed on probation for the Miami-Dade felony, the Miami-Dade sentence was illegal and could not be relied upon as his HFO-qualifying prior "conviction" under section 775.084(1)(a)2.b.

2

The state filed a response arguing simply that "a withhold of adjudication can be used as a qualifying offense" under section 775.084(1)(a)2.b.

The circuit court denied the defendant's rule 3.800 motion, reasoning: "A withhold of adjudication *can* be used as a qualifying offense [under section 775.084(1)(a)2.b.]. Therefore, [the Miami-Dade felony] was properly used as a qualifying offense [under section 775.084(1)(a)2.b.] to find Defendant to be a habitual felony offender."

This appeal followed. Our review is de novo. *See Pierre v. State*, 259 So. 3d 859, 861 (Fla. 4th DCA 2018) ("A motion to correct a sentencing error involves a pure issue of law, for which the standard of review is de novo."); *Eustache v. State*, 248 So. 3d 1097, 1100 (Fla. 2018) ("Questions of statutory interpretation are reviewed de novo.").

We hold that a withhold of adjudication can be used as an HFO-qualifying prior "conviction" under section 775.084(1)(a)2.b., even when the withhold of adjudication was entered without imposing probation or community control as required by section 948.01(2) and rule 3.670.

We presume that the Legislature, in drafting section 775.084(2), did not contemplate a court entering a withhold of adjudication without imposing probation or community control, because such inaction would be illegal under section 948.01(2) and rule 3.670. As such, we conclude that a court's illegal action of entering a withhold of adjudication without imposing probation or community control may not frustrate the Legislature's intent that a withhold of adjudication be used as an HFO-qualifying prior "conviction" under section 775.084(1)(a)2.b.

Here, *the defendant has already reaped the bargain of his illegal sentence* for the Miami-Dade felony by receiving the withhold of adjudication without also receiving probation or community control as required by section 948.01(2) and rule 3.670. We can find no cases which would permit the defendant to further reap the bargain of that illegal sentence by avoiding the Legislature's intent that a withhold of adjudication be used as an HFO-qualifying prior "conviction" under section 775.084(1)(a)2.b.

Nor should the defendant be entitled to such relief. To conclude otherwise would be inconsistent with the purpose of the habitual offender statute, which is to "permit harsher penalties to be imposed upon recidivist offenders than could be imposed upon non-recidivists for the same offense," *Hicks v. State*, 595 So. 2d 976, 977 (Fla. 1st DCA 1992), and to

3

"allow enhanced penalties for those defendants who meet objective guidelines indicating recidivism," *Eutsey v. State*, 383 So. 2d 219, 223 (Fla. 1980).

Based on the foregoing, we conclude that the circuit court did not err in finding that the defendant's withhold of adjudication for the Miami-Dade felony was an HFO-qualifying prior "conviction" under section 775.084(1)(a)2.b. On all other arguments which the defendant raises, we affirm without further discussion.

*Affirmed.*

LEVINE and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***